Wilde J.
Upon the facts stated we think there can be no
question that the plaintiff had an insurable interest in the house assured, at the time the policy was effected ; for although a policy of insurance is a contract of indemnity, and wager policies are not to be countenanced, yet a legal title to the property insured is not necessary to give validity to such a contract. A mere equitable title, or any qualified property in the thing insured, may be legally protected by insurance ; Columbian Ins. Co. v. Lawrence, 2 Peters, 25 ; Marshall on Ins. (1st ed.) 91 ; and it is very clear that the plaintiff not only had an insurable interest, but that his interest was substantially the same as it would have been, had the property insured been free from any incumbrance ; for he was liable to the mortgagee and the attaching creditor for the whole amount of the debts for which they had obtained liens, and it is well settled that a mortgager may protect bis equitable interest at any time until actual foreclosure of the mortgage.[1]
Nor did any of the events subsequent to the insurance wholly devest the plaintiff of his interest, for after the sale of the equity still he had a right to redeem, and this right might constitute a valuable interest. No evidence was offered to show that it was not. The presumption is that it was of some value, for the plaintiff did afterwards actually redeem or purchase the equity ; and independently of any circumstance tending to show that a right of redemption is a valuable interest, the law would presume that it was, the contrary not appearing. The plaintiff too might, from local attachment and other circumstances, estimate the property higher than others would, and as the value of property is not to be ascertained by the market price, or by the opinion of witnesses, in a case like this, we think the under *45 writers have not shown any defence on the ground that the plaintiff had no interest at the time of the loss. The value of the plaintiff’s interest in the property insured is not material. If he had an insurable interest at the time the policy was effected, and an interest also at the time of the loss,[1] he is entitled to recover the whole amount of damage to the property, not exceeding the sum insured.
But the principal objection on which the defendants’ counsel rely is, that the plaintiff did not make a full and fair representation of his interest, and that there was such a concealment as vitiated the policy. Undoubtedly the plaintiff was bound to make a full and true exposition of all the facts and circumstances relating to the condition, situation, and value of the property insured, and to disclose his interest therein, so far as was material to the risk. But we do not perceive how the incumbrances on the plaintiff’s property could be considered as material to the risk. The destruction of the house did not extinguish the mortgage debts, so that he was interested to the full amount of the value of the property insured. It was not necessary to specify in the policy, that the property was under mortgage. The owner of a vessel subject to a respondentia or bottomry bond may insure without designating the incumbrance, although the loss of the vessel would extinguish the debt or loan. The lender on bottomry or respondentia must specify his interest. Glover v. Black, 3 Burr. 1394. But this depends on usage and practice and is not applicable to the interest of a mortgagee, which may be insured generally ; and a fortiori may the interest of the mortgager be so insured. We are therefore of opinion, that here was a fair and full representation of every circumstance material to the risk. There is no pretence for charging the plaintiff with any fraudulent concealment. He answered all the interrogatories which the underwriters deemed essential, to indicate the kind of information they required. If in the opinion of the underwriters it was important and material to the risk, to ascertain the nature of the interest intended to be protected by the policy, it must be presumed that they would have inserted in the form of the *46 application an interrogatory so as to' elicit the proper information. There being no such interrogatory, and no such information being required in any case as to similar risks, the plaintiff had every reason to infer that the state of his title was not deemed material to the risk, and was not required by the underwriters to be ascertained. So that if such a representation of title were necesary in a marine risk, it would be deemed as dispensed with, by the underwriters, under the circumstances stated.[1]

Judgment for plaintiff on default.

 The mortgager and mortgagee each has a separate insurable interest in the property mortgaged. Traders' Ins. Co. v. Robert, 9 Wendell, 404.

 See Hancox v. Fishing Ins. Co. 3 Sumner, 142

 See Curry v. Commonwealth Ins. Co., post, 535; Traders' Ins. Co. v Robert, 9 Wendell, 404; 3 Kent’s Comm. (3d ed.) 371, 372