Wilde J.
afterward drew up the opinion of the Court. The only point of any difficulty in this case involves a question of fact, which should have been submitted to the jury, if the defendants intended to insist upon it in defence. It is objected^ that a false representation was made of the plaintiff’s title, in answer to one of the interrogatories in his application for insurance. He there represents'the house insured as his property, and the defendants’ counsel contend that he had no property therein, except in right of his wife, and in- common with her sister.
It is true, that this representation was not strictly accurate and full; but a representation may be so, if fairly made and true in substance, without vitiating the policy. “ A false jep^ resentation (says Marshall) is no breach of the contract, but if material, avoids the policy on the ground of fraud, or at least because the insurer.has been misled by it.” A representation is not like a warranty, which must be strictly complied with, but it must be shown to be false in a material point, or it will not make void the policy. Marsh, on Ins. (1st ed.) 335 ; Pawson v. Watson, Cowp. 785. The benefits and security derived from contracts of insurance against fire have become so general, and the relief they are calculated to afford is so great, that they are not to be set aside on slight exceptions ; especially when the conduct of the assured appears fair and free from any imputation of fraud. In the present case there is certainly no ground for charging the plaintiff with fraud, or with any intentional deception ; but it is said that the defendants have been in fact misled by the erroneous representation of the plaintiff’s title. • Of this the jury were the proper judges ; and although the point, as now stated, does not appear to have been made at the trial, yet as all the evidence in relation to it was submitted to the consideration of the jury, the verdict must be decisive, unless the decision of the judge, as to the sufficiency of the evidence of the plaintiff’s property, should be considered incorrect. It was his opinion that the evidence was .sufficient, and we all concur in that opinion.
*553 It is not denied, that if the house was a chattel, it was the plaintiff’s property. And it was a chattel, if it be true that the plaintiff had no property in the land. The house was partly built by him, and he had absolute dominion over it ; he might remove it when and where he pleased, without being account able therefor to any one. He might elect, therefore, to treat it as personal property and to represent it as such. But if the house was not a chattel, still wo think it was the plaintiff’s property. He had a freehold estate in the land, and the exclusive right of occupation. By the common law, a husband seised of land in the right of his wife might alienate it by feoffment, and the wife could not enter, but was driven to her action cui in vita. Lit. § 594. And so he might make a tenant of the praecipe without his wife’s joining him in a fine. Bac. Abr. Baron $• Feme, C 1, note. It is not necessary that the plaintiff should show that he had a fee simple estate, or an indefeasible estate. A tenant in tail may well represent the land of which he is seised, as his property ; but at common law he had really only an estate for life, for he could not control the descent ; but it is considered an estate of inheritance, because it descends to heirs. So a person seised of lands under a title by disseisin, may be considered as the owner; especially if the disseisee’s right of entry has been tolled ; for if the disseisee has not a right to enter, but only a right of action, he is not the absolute owner of the land. The disseisor is the owner, though his title may be defeasible. The present case seems to me to be much stronger ; for the plaintiff had an indefeasible title to the land, which no one could defeat or disturb during his life ; and he might remove and sell the house at any time. Holding the property by such a title, he might well represent himself as the lawful owner. And moreover, if the representation were defective or inaccurate, it does not appear to be so substantially. If the plaintiff’s title had been more fully disclosed, it might have some effect in the estimation of the value, but it does not. appear that the estimate exceeded the real value. The value was of no importance to the defendants, excepting so far as an over-estimate might operate on the assured, so as to render him less careful of the property. It could have no such operation in this case, for it *554 must be presumed that the plaintiff was as much interested to preserve the property insured for his wife, as for his children, if she should survive him. A mortgagor may represent the estate mortgaged as his property, although the legal estate is in the mortgagee. Such a representation is not strictly true, but it is not so substantially false as to make void the policy. Strong v. Manufacturers' Ins. Co., ante, p. 40.
The objection as to the tenancy in common is also immaterial ; for an undivided moiety of the whole lot is equivalent to a moiety in severalty ; and besides, the plaintiff had a right to the house by the written agreement of Raymond. This agreement was made on a good consideration, and was binding.
There is, therefore, no ground on which the objection as to the supposed misrepresentation can be supported.
As to the other objections,—that respecting the alleged concealment, and that of the supposed increáse of risk by the addition to the house, — these seem to depend on facts which have been settled by the jury ; and we are of opinion that the evidence well supports the verdict. , The instructions of the judge to the jury were perfectly correct on both points.[1]
Upon the whole, therefore, we think there is no cause for disturbing the verdict, excepting as to the amount of the former loss, which should have been deducted. The sums insured on the dwellinghouse, and on the shop, tools, lumber-house and lumber, are not to be taken together for the purpose of enlarging the limits of the plaintiff’s liability. The risks are distinct; and by the terms of the policy it is provided, “ that the insurers shall not be liable for more than the sum insured, in any case whatever.” The verdict is to be reduced accordingly by the deduction of $ 142 and interest thereon.

Judgment for the plaintiff.

 See Merriam v. Middlesex Fire Ins. Co 21 Pick. 162; Stebbins v. The Globe Ins. Co., 2 Hall, (N. York,) 632 ; 3 Kent’s Comm. (3d ed.) 372, 373; Columbian Ins. Co. v. Lawrence, 2 Peters, 25.