SHAWMUT SUGAR REFINING COMPANY *vs.* PEOPLE'S MUTUAL FIRE INSURANCE COMPANY.

On a policy of insurance against fire, providing that the loss shall be paid within sixty days after notice and proof thereof according to the conditions annexed to the policy, which require such proof to include a statement of the interest of the assured in the property, the assured, if he omits to insert such a statement in his proof of loss, cannot maintain an action, unless the omission is waived by the officers of the company.

ACTION OF CONTRACT against a mutual fire insurance company established at Worcester, upon a policy whereby they

insured the plaintiffs for one, year from the 28th of September 1855, " against loss or damage by fire to the amount of twenty five hundred dollars, to wit, $1250 on sugar in process of refining, and $1250 on machinery," contained in their building in Dedham ; " the said loss or damage to be estimated according to the true and actual value of the property at the time the same shall happen, and to be paid within sixty days after notice and proof thereof made by the assured in conformity to the conditions annexed to this policy ; " and " this policy is made and accepted in reference to the conditions hereunto annexed, which make a part of this policy, and are to be used and resorted to in order to explain the rights and obligations of the parties hereto in all cases not herein otherwise specially provided for."

The material parts of those conditions were as follows : 4. " No agent of this company is authorized to do any act whatever which shall in any way or manner change or alter the terms or conditions of any policy issued by this company." 10. " All persons insured by this company, and sustaining loss or damage by fire, are forthwith to give notice thereof to the secretary of the company in writing ; and as soon after as possible to deliver in a particular account of such loss or damage, signed with their own hands and verified by their oath or affirmation ; " and " also declare, on oath, whether any and what other insurance has been made on the same property ; what was the whole value of the subject insured ; what was their interest therein ; " " and when and where the fire originated, so far as they know or believe." " They shall also procure the certificate under the hand of a magistrate or notary public " as to the origin of the fire, the value of the property destroyed, and his knowledge or belief that the assured has sustained, without fraud, loss and damage by such fire to the amount therein mentioned. "And until such proofs, declarations and certificates are produced, the loss shal not be deemed payable."

The question whether it would be competent for a jury to find a verdict for the plaintiffs was submitted to the decision of the court upon a case stated by the parties, the material part of which was as follows :

Part of the machinery in the plaintiffs' building was fixed, and part movable. At the date of the policy, the building, land and fixed machinery were under a mortgage, upon which a conditional judgment had been obtained and possession taken for the purpose of foreclosure, and which was afterwards assigned to D. E. Wadleigh, H. M. Fosdick and Samuel Rice, who had meanwhile bought an execution against the plaintiffs and levied it on the equity of redemption, and afterwards made an agreement in writing to convey all their interests to Todds & Hobson, who under that agreement entered into the occupation of the premises, and carried on the manufacture of sugar there on their own account at the time of the fire, which took place on the 28th of August 1856.

Lorenzo Burge was the sole agent to solicit insurance for the defendants in Boston and the adjoining cities and towns, received applications and transmitted them to the defendants at Worcester, who thereupon, if their directors approved, issued policies. Burge was paid by a commission on all moneys received by him for the defendants on applications through him upon which policies were so issued or renewed, and received proofs of losses on such policies; but never settled losses, except by express instructions from the company as to the amount for which to settle; and had no express authority to alter, change or waive the terms or conditions of any policy.

On the 2d of September Fosdick, the plaintiffs' clerk, delivered to Burge a written statement, signed by himself, but not under oath, of the amount and value of sugar in process of refining, and of the machinery on the premises, at the time of the fire. On the 6th of September, Burge, after a conversation with the defendants' president, wrote a letter to Fosdick, saying, " The president of the company has directed me to inform you that he will require a full compliance with article 10 of the conditions of insurance annexed to your policy. The statement of loss must specify every item separately, and be sworn to by each of the owners." Fosdick would testify that on receiving this letter he called on Burge, who went over with him the requirements of the tenth condition of insurance, and pointed out, as

the only things requiring further statement, those which he there-upon mentioned in a letter of the same day to the defendants' president, namely, the insurance in other offices, the supposed origin of the fire, and that all the owners should sign, (which last he wrote could not be done, because some of the plaintiffs' stock was held abroad) ; and this letter, sworn to by Fosdick as the plaintiffs' clerk, together with a magistrate's certificate as re-quired by said condition, was sent to the defendants on the 8th of September. The defendants' president wrote to Fosdick on the 18th of September, that the papers sent by him relating to this loss were not satisfactory to the defendants, nor such as were required by the terms of the policy, and that, were they executed by the proper person, they were not as full as required by the policy ; and again on the 27th of September, returning the papers " for correction and amendment, not deeming them a sufficient compliance with the conditions of the policy ; " reciting the tenth condition, informing him that if the property was owned by a corporation the necessary proofs should be signed and sworn to by their directors, and that the papers received were deficient in not stating the sums insured on machinery and stock separately, nor the interest of the claimants in the property insured, nor how or by whom the building was occupied at the time of the fire, and that the statement of September 2d was not under oath ; and asking for an inventory of the machinery and the value of each machine. On the 29th of September Fosdick sent to the defendants a statement signed and sworn to by Wadleigh, Rice and Fosdick as " constituting the board of directors " of the plaintiffs' company, beginning thus : " Your favor dated 27th inst. is before me. I beg to lay before you such further details as you ask for. 1st. ' Our interest ? ' We are directors, and own largely of the stock of the Shawmut Sugar Refinery. 2d. ' Value thereof ? ' Machinery, sugar and build-ings, $22,565 ; " and also stating the manner of occupation ; the supposed origin of the fire ; the amount of other insurance on machinery and stock separately ; and an inventory of the ma-chinery and its value. On the 11th of October the defendants' president in reply wrote that the plaintiffs' directors had not yet

stated, in their official capacity and under oath, the quantity and value of sugars in process of refining at the time of the fire, nor the interest which the plaintiffs had at that time in the machinery or the sugar, nor furnished the requisite certificate of a magistrate.

*E. F. Hodges,* for the plaintiffs.

*E. R. Hoar & H. Gray, Jr.,* for the defendants.

METCALF, J. The court have not found it necessary to decide any question discussed in this case, except that which arises on the tenth condition of insurance, printed and annexed to the policy. The loss, by the terms of the policy, was " to be paid within sixty days after notice and proof thereof made by the assured in conformity to the conditions annexed to this policy." The tenth condition required the assured to give notice in writing of the loss, " and as soon after as possible to deliver in a particular account of such loss or damage, signed with their own hands and verified by their oath or affirmation," in which they should declare, among other things, what was their interest in the subject insured. The first statement of the plaintiffs' clerk was not verified by any oath, and none of their proofs of loss stated what was the interest of the plaintiffs. Burge was not an officer of the defendants, but a mere agent, with limited powers, and had therefore no authority to accept any imperfect proofs as complying with the conditions of the policy, as their president might have done. *Kibbe* v. *Hamilton Mutual Ins. Co.* 11 Gray, 163. *Blake* v. *Exchange Mutual Ins. Co. ante,* 271, 272. The defendants' president, far from assuming to waive any of the conditions of the policy, or to accept defective proofs of loss as sufficient, took extraordinary pains to give the plaintiffs notice of the defects and ample opportunity to cure them. Immediately upon receiving the first statement of the plaintiffs' clerk, he notified to him, through Burge, that the defendants would require a full compliance with the tenth condition of insurance. Upon receiving additional papers, he informed him that they were not full enough; and a few days later returned the papers for correction, calling his attention especially to the want of any statement of the plaintiffs' interest in the property insured. The state of the title, as disclosed by the facts agreed, affords peculiar

grounds for requiring information on this point. The plain-tiffs' clerk and directors, without then setting up any waiver by Burge, sent a further statement, equally defective in this respect, merely giving, instead of the interest of the corporation in the property, the interest of the directors in the corporation. The defendants' president replied, once more calling attention to this omission. But the plaintiffs made no further attempt to correct it. This failure to comply with the conditions of insurance is fatal to the maintenance of an action on the policy. *Wellcome* v. *People's Equitable Mutual Fire Ins. Co.* 2 Gray, 480. *Columbian Ins. Co.* v. *Lawrence,* 2 Pet. 53.

*Judgment for the defendants.*