## PIERCE TUCKERMAN *v.* HOME INSURANCE COMPANY.

In an action on a policy of fire insurance, *held* that the plaintiff was properly allowed to state that he was the owner of the estate insured, that he bought it with his own money, and that it was transferred to one D., who paid nothing for it, to hold for him, for the purpose of showing that in equity he had a right to the premises against the holder of the title at law.

An equitable interest in property is an insurable interest, and a person who has gone into possession of certain premises as owner under a parol agreement for the purchase, and has paid part of the purchase money, has such an interest in the premises.

In an action on a policy of fire insurance, the answer of a witness who is not an expert, to the question, what it would cost to put up such a building as was burnt, that "it cost $4,000 to put up such a building forty years ago," is admissible, although the question is inadmissible, the witness having stated a fact and given no opinion.

ASSUMPSIT upon a policy of fire insurance. At the trial of the case at the August term, 1869, of the Supreme Court for this county, before Mr. Justice Potter and a jury, a verdict having been rendered for the plaintiff for $1,500 and interest, the defendant now moved for a new trial, upon the ground of alleged errors of the judge presiding at the trial in his charge to the jury, and in admitting certain testimony. The facts of the case and the exceptions upon which the motion was based, are stated in the opinion of the court.

*Turner, for the defendant, in support of the motion,* contended that the plaintiff, having no record title to the property in question at the time of effecting insurance, and at the time of loss by fire, and having had no agreement for the purchase of said property which he could enforce by law or in equity, was not such an owner of said property that he could acquire an insurable interest without disclosing all the facts to the defendants, and procuring their assent to the manner of the insurance, (Rev. Stat. Chap. 146 and 176); and the interest claimed by him in the property insured, as disclosed by the evidence, was not at the time of effecting insurance and of the happening of the loss, an insurable interest and property. *Columbian Ins. Co.* v. *Law-*

*rence,* 2 Pet. 25 and 49 ; *Ætna Ins. Co.* v. *Miers,* 5 Sneed, (Tenn.) 139 , *Stockdale and others* v. *Dunlop,* 6 M. & W. 224 ; *Catron* v. *Tennessee Ins. Co.* 6 Humph. 176 ; Parson's Mercantile Law, p. 507 and notes.   And that inasmuch as the policy of insurance contains the following clause, viz. : " The interest of the assured, whether as owner, consignee, factor, mortgagee, lessee or other-wise, in the property to be insured, shall be truly stated in the policy, otherwise the same shall be void ; and such interest shall be set forth in the proofs of loss, with the names of the true owners of the property.   The entry of the foreclosure of a mortgage, or the levy of an execution, shall be deemed an alienation of the property, and the policy shall thereupon ter-minate ;" the true interest of the plaintiff was not stated in the policy, and hence the same was void from the beginning. *Leathers* v. *Insurance Co.* 4 Foster, 259 ; *Wilbur* v. *Bowditch Insurance Co.* 10 Cush. 446 ; *Marshall* v. *Columbian Ins. Co.* 7 Foster, 157.

*Metcalf and L. Sayles, for the plaintiff, contra,* contended that the plaintiff, being the owner of the insured property in the sense of having bought and paid for it, was entitled to recover, not-withstanding the record title was in a third party, there having been no fraud, concealment, or misrepresentation.   *Converse* v. *Citizens M. F. Ins. Co.* 10 Cush. 37 ; *Strong* v. *Manufacturers Ins. Co.* 10 Pick. 40 ; *Fletcher* v. *Commonwealth Ins. Co.* 18 Pick. 419 ; *Stetson* v. *Mass. M. F. Ins. Co.* 4 Mass. 330 ; *Curry* v. *Commonwealth Ins. Co.* 10 Pick. 541.   That an equitable interest was insurable.   *Columbian Ins. Co.* v. *Lawrence,* 2 Pet. 47.   In-surer, in possession of house under contract of purchase, can recover.   *McGivney* v. *Phenix Fire Ins. Co.* 1 Wend. 85 ; *Carter* v. *Humboldt Ins. Co.* 12 Iowa, 287.   Mechanic's lien is an insur-able interest.   Marine policies are enforced although the insurer has no record title.   *Kenney* v. *Clarkson et al.* 1 Johns. 385 ; *Gordon* v. *Mass. F. and M. Ins. Co.* 2 Pick. 258–9.   The stipu-lation in the policy, of an indemnity to the extent of the fair and actual cash value, means, and can only mean, replacing or paying a sum that would replace the insured property.   *Brinley* v. *National Ins. Co.* 11 Met. 195.

BRAYTON, C. J. On the trial of the case before the jury, the plaintiff, in order to prove his interest in the property insured, was allowed to state that he was the owner of the estate, that he bought it with his own money, and the estate was transferred to one William C. Dawley, who paid nothing, to hold for the plaintiff. This was admitted, against the objection of the defendant, who claimed that the proof of interest should be by deed or record only. The plaintiff did not propose to prove that the legal estate was vested in him, that being conceded to be in Dawley, but to show that in equity he had a right to the premises against the holder of the title at law. To do this, the evidence offered and received was pertinent and necessary, and so properly received.

The defendant put in evidence from the records of the town of West Greenwich, that the estate was, on the 17th of March, 1866, conveyed to said Dawley by one Amos R. Sweet, who had the legal title to the same at the time the policy was originally made, February 17, 1866. Prior to that date, Sweet had made an oral contract with the plaintiff to sell to him the premises ; the plaintiff had paid part of the consideration, and had been let into possession, under said contract, of all the premises except the kitchen part of the house. And the defendant now claims that the verdict should be set aside, because, as he says, upon *this statement of facts*, the plaintiff cannot recover.

Were we trying the right of the parties by an agreed statement of facts, the question propounded by the defendant might arise. But the statement here is a statement of the evidence merely. All that evidence has been submitted to the jury as was necessary. And we cannot treat this as an agreed statement, or as the facts in the case, without first setting aside the verdict or treating it as annulled. That the finding of the jury as to the interest of the plaintiff, or when it occurred, is against the evidence submitted to them, is not averred or suggested.

As a ground for a new trial, it is objected that the court refused to charge, upon the defendant's request, that the plaintiff had no insurable interest in the building at the time of effecting

this insurance. This instruction the judge could not give without taking from the jury all the testimony and himself weighing it, and this he very properly refused to do.

But it is said again, by way of objection, that the judge erroneously charged the jury, that if they were satisfied that the plaintiff had contracted for the purchase and had paid part of the purchase money, and been let into possession of the premises, he had an equitable interest, which was insurable, and could recover.

That an equitable interest is an insurable interest will not be questioned. An equity of redemption is insurable. A person in possession as owner under a valid and subsisting contract for the purchase, has such an interest. *Columbian Ins. Co.* v. *Lawrence*, 2 Pet. 25; *Elmer Ins. Co.* v. *Tyler*, 16 Wend. 385; Angell on Fire and Life Insurance, § 66.

The contract was in writing in those cases, and within the statute of frauds, valid and subsisting contracts, giving the purchaser a right to enforce performance. Such a contract not in writing, would not of itself give a purchaser this right to compel performance, and so would not give him an equitable interest, one to be enforced in equity. If, however, a parol contract for purchase has been performed in part, so that it is against conscience for the other party to insist on the want of a writing as a bar to the party seeking relief, a court of equity will still enforce the agreement, and in every case where it would operate as a fraud upon the party so to insist.

Such a case, it is held in some cases, is one where the vendor is let into possession of the estate; and it is said that the acknowledged possession of a stranger to land of another is not explicable, except on the supposition of an agreement, and so such ruling is regarded as a consequence of contract or tenure. 3 Lead. Cases in Equity, 723. Otherwise, the entry would be a trespass, and the party liable to suit and accountable for the profits. It is still stronger if, beside the acknowledged possession, some portion or all of the consideration has been paid. In such case, the purchaser has the right to specific performance, a right to the estate in equity.

The judge, then, did not err in leaving to the jury the question of fact, if the plaintiff had gone into possession under a parol agreement for the purchase, and had paid part of the purchase money, and directing them, that if they so found upon the evidence, the plaintiff had an insurable interest in the premises.

Leton Hopkins, a witness produced by the plaintiff, not being an expert, was asked what it would cost to put the building burnt, or such a building, there? The question was objected to, and the objection overruled, and he answered, that it had cost $4,000 to put such a one there forty years ago. However objectionable the question may have been, of the answer as given this cannot be said. He gave no opinion, but stated the actual cost of such a building many years ago.

It is also alleged as error, and a ground for new trial, that the court misdirected the jury in relation to the amount of loss. By the terms of the policy, the loss or damage was to be estimated "according to the true and actual cash value of the property at the time the same shall happen." The direction to the jury was, that they "must decide upon the cash value as distinguished from the cost of new, but might use the former sales and the cost of new buildings as elements for estimating the cash value."

Another ground for new trial is, that the verdict as to the amount of loss is against the evidence upon that point. If by this be meant that the evidence shows that there was no loss and no damage, it is contradicted by the defendant's own statement, which shows a loss of $500 or more. But if it be meant that the loss is clearly shown by the evidence to be less than the amount found by the jury, then the defendant's objection falls properly under the next and last ground for new trial, viz., that the damages are excessive and unreasonable.

No direct evidence was offered by either party, of the present cash value of the property. No question was asked of any witness what his opinion of its value was. But, on the part of the defendant, it was attempted to be shown by the price paid by the plaintiff for the estate with the buildings upon it, and the price he received on the sale of what remained after the fire.

The plaintiff offered in evidence the cost of the building when built, forty years ago, and the amount required to build such a building now; and the jury were left to determine from this testimony what was the cash value at the time of the fire, comparing what it did cost with what it would cost now, and what the estate brought now that it was old.

We are not able to say where between these extremes the true value may be, but think the jury were better judges of that than ourselves, and are probably near the correct amount, and certainly as near as we could get.

*New trial refused.*