ALBANY,
Oct. 1832.

Traders' Insu-
rance Co.
v.
Robert.

---

## The Traders' Insurance Company *vs.* Robert.

Where a policy of insurance is effected by a *mortgagor* and the policy with the assent of the assurers, is assigned to the *mortgagee*, and a loss occurs, in an action on the policy by the mortgagee, in the name of the mortgagor, it is no bar to a recovery that subsequent to the assignment the mortgagor effected a second assurance, and neglected to give notice to the first assurers, although there be an express condition that the policy shall be void in case of second assurance and neglect of notice by the insured or his assigns.

In such action it is not necessary to aver that the suit is prosecuted by the direction of and for the benefit of the assignee of the policy.

A mortgagor and mortgagee may each insure the same building; their particular interest in the subject insured need not be described, but may be described generally as the property of the insured.

ERROR from the superior court of the city of New-York. A suit was brought *in the name* of Thomas Robert against the insurance company on three policies against fire, bearing date 5th June, 1827, whereby certain buildings were insured for the

term of five years. The policies contained the usual clause that if the assured or his assigns effected any other insurance on the same property, and should not with all reasonable diligence give notice, &c. the policies should cease ; and that in case of loss the assured should declare on oath whether any, and what other insurance had been made on the property. Two of the buildings insured together at $2,200, were consumed by fire in 1829. It was averred in the declaration that from the time of the making of the policy, until and at the time of the loss, the *plaintiff* was *interested in the premises* to the amount by the policies insured ; that the *plaintiff* had not, after the making of the policies, made *any other insurance* on the premises, and that he made oath that no other insurance had been made on the property. The preliminary proofs were made by the *plaintiff*, and in his affidavit of the loss, &c. he stated that besides the insurance in the company of the defendants, he had, on the 3d June, 1828, insured the same property in the *Phenix Fire Ins. Co.* at a certain specified sum. It appeared that on the day of the date of the policies declared on, the assured, with the written consent of the Traders' Ins. Co., assigned all his right, title and interest in the policies to *Francis Bolton*. On closing the preliminary proofs the defendants moved for a nonsuit, on the following, among other grounds : 1. That the declaration averred that the interest in the subject matter insured was in the plaintiff, and the proof shewed that he had absolutely parted with his whole interest previous to the loss ; 2. That the declaration averred that the plaintiff had not made any other insurance, and the proof shewed the contrary ; and 3. That the declaration averred that the plaintiff, *in the affidavit* by him made, did state that no other insurance had been made on the same property, whereas the affidavit produced on the trial did set forth another insurance effected by the plaintiff. The motion for a nonsuit was denied, and evidence in chief was given. It was also proved that on the 1st June, 1827, Thomas Robert executed a mortgage to *Francis Bolton*, upon the houses mentioned in the policies and the lots upon which the same were erected, for securing the payment of $5,500, in one year from the date of the mortgage, which was duly recorded on the 5th June,

ALBANY,
Oct. 1832.

Trader's
Insurance Co.
v.
Robert.

1827. The presiding judge charged the jury that the plaintiff was entitled to recover, and a verdict was accordingly rendered for $2567,56. The defendants excepted to the decisions and charge of the judge, and the exceptions on being subsequently argued, were overruled, and a new trial denied by the superior court. The defendants sued out a writ of error.

*J. Duer & S. A. Talcott,* for plaintiffs in error. The only effect of the assignment was to give Bolton an equitable interest in the policies, entitling him, in case of loss, to demand the sum insured, provided that the assurers, according to the terms and conditions of the original contract, would be liable for its payment. The interest of the assignee in the policies is like that of a mortgagee of a leasehold estate, the security for whose debt is subject to the covenants and conditions in the lease by which the mortgagor holds the estate, and liable as in that case to be defeated by a forfeiture of the estate of the mortgagor by the committing of waste, or doing some other act prohibited by the lease, or which, by the terms of the lease, put an end to the estate. The assurrers by assenting to the assignment did not release or discharge the *conditions* contained in the policies ; all required by the policies to be done, and to be forborne to be done, to render the assurers liable in case of a loss, must still be shewn to have been done, or to have been refrained from, notwithstanding the assignment. It was expressly stipulated that if any other assurance upon the property than that made by the defendants should be effected, and notice thereof was not forthwith given, the policies should cease and be of no force ; and it is undeniable that such other assurance was made, and it is not even pretended that notice was ever given. Another condition of the policies was that *extra hazardous* goods should not be kept in the buildings insured. Suppose that Robert, after the assignment, should have kept extra hazardous goods in the buildings, can it be pretended that the assurers in such case would have been liable ? and if by the breach of one condition subsequent to the assignment, the assurers would be discharged, why should they not be discharged by the breach of another ? Again ; if Bolton, by the assignment, was entitled to be considered

as substituted in the place of Robert, then he should have made the preliminary proofs, and done all that is required in the policies on the part of the *insured* to be done as conditions precedent to the right to demand payment of the assurers, and for that purpose all necessary averments should have been made in the declaration and proved on the trial ; whereas in the declaration there is a total absence of such averments, and on the trial no proof to establish the facts was offered to be given. If it was competent for Bolton to prosecute this suit in the name of Robert, it at least should have been averred that it was prosecuted for his benefit ; and at all events, the proof given on the trial should have supported the material averments, and not contradicted them. It was averred in the declaration that the plaintiff, from the making of the policy until and at the time of the loss, was *interested in the premises;* that he had not made *any other assurance*, and that he made oath that *no other assurance had been made*, and yet in each particular the proof was directly the reverse. In support of these several positions the counsel cited 3 *Brown's Parl. Cas.* 497 ; 2 *Atk.* 554 ; 1 *Hall's R.* 45, 53, 128; *Marshall on Ins.* 787, 789, 800, 801 ; 1 *H. Black.* 254 ; 6 *T. R.* 710, 714 ; 2 *H. Black.* 574 ; 6 *Wendell,* 494 ; 18 *Johns. R.* 451 ; 8 *id.* 306 ; 6 *Cowen,* 627 ; 13 *Mass. R.* 61 ; 2 *Peters,* 48 ; 20 *Johns. R.* 144.

*S. A. Foot,* for defendant in error. *Bolton* was the owner of the policies from the time of their execution, they being assigned to him on the day of their date, with the consent of the assurers ; and no subsequent act of *Robert,* the party originally insured, can impair his rights. Bolton had an insurable interest in the premises at the time of the assignment, and such interest continued down to the time of the loss, which is all that can be required to give validity to the assignment. *Marshall on Ins.* 787, 8, 9, 800. 1 *Wendell,* 85. 1 *Hall,* 100. The assignment of the policies was the assignment of choses in action ; and when the right to demand the sum insured accrued, the action was necessarily brought in the name of the party originally insured, as in such cases an action will not lie

ALBANY,
Oct. 1832.

Traders'
Insurance Co.
v.
Robert.

in the name of the assignee ; so too the averments were una-voidably in the name of the nominal plaintiff.  11 *Johns. R.* 47, 488.  The proceeding is incongruous, but the incongrui-ty results from the enforcing of equitable rights in a court of law.  The party in interest being considered in law the *real plaintiff*, the averment that the *plaintiff on the record* was in-terested at the making of the policies, and at the time of the loss, is sustained by proof that the real plaintiff was so inter-ested ; so, also, as to the averment that the plaintiff on the record had not caused any other assurance to be effected ; proof that the *nominal plaintiff* had procured such second insurance did not establish the fact that the *real plaintiff*, the party in interest, had done so.  There was in fact no further assurance procured by the assignee.  His rights could not be affected by the subsequent acts of the assignor, who having a remaining interest in the premises as mortgagor, had a right to effect a further assurance ; although, to enable him to enforce these policies against the under writers, he would have been bound to give notice of the second assurance, but such notice cannot be required of the assignee, who may have been in utter ignorance of the fact.  The assignee took the policies subject to the covenants and conditions contain-ed in them, and must suffer the consequences of any viola-tion of them by himself ; but he cannot be affected by the acts of the assignor or of any other person.   If these prin-ciples be correct, the judge in the court below was right in instructing the jury to find a verdict for the plaintiff for the whole amount of the loss, the defendants not being entitled to claim that it should be apportioned between them and the Phœnix Fire Insurance Company, who underwrote the sec-ond policy, that policy being procurd by *Robert*, and not by *Bolton*.   It is well known that many loans are secured by assignment of policies, and unless the judgment in this case be affirmed, such securities will be absolute nullities.

*By the Court*, SAVAGE, Ch. J.   The only difficulty in the case grows out of the fact that the policies on which this suit was brought, were assigned to the mortgagee of the premises, and that the mortgagor subsequently insured his remain-

ALBANY,
Oct. 1832.

Trader's
Insurance Co.
v.
Robert.

ing interest in another office without giving notice to the defendants. There is no doubt that persons owning different interests in the same subject, may insure their several interests. A mortgagor and mortgagee may each insure the same building, and it seems their particular interest need not be described in the policy ; it may be described as the property of the insured. *Phil. on Ins.* 41, 64. A mortgagor or mortgagee need not disclose his qualified or partial interest. *Phil. on Ins.* 94, *and cases cited ;* but a bottomry interest must be insured *eo nomine.* 1 *Johns. R.* 394.

A policy of insurance is not assignable at law, though it is in equity ; and there are cases where the charter of the company makes provision that an action may be brought in the name of the assignee. This, however, is not one of those cases, and therefore the mortgagee had no mode of enforcing his rights but in the name of the mortgagor, in whose name the policy had been taken previous to the assignment. The assignment was made with the consent of the company, of course they had notice of it ; and though courts of law cannot entertain a suit in the name of an assignee of an instrument not negotiable, yet they will always protect the rights of such assignee. Had the nominal plaintiff in this case executed a release to the insurance company, it would have had no effect upon the rights of the assignee ; and if he could not directly discharge the right of action which he had assigned, surely he cannot do it indirectly. The fact, therefore, of his having effected a subsequent insurance upon the same premises, can have no influence upon the rights of the real plaintiff in this suit. After the assignment of the policy, Robert, in whose name it was originally taken, had no interest in it, and this was known to the defendants ; but the suit must be prosecuted in his name for the technical reason that a suit cannot be brought in the name of the assignee, the only person interested. When a suit is brought therefore after assignment, there is no necessity to aver that it is brought by the direction of the assignee and for his benefit ; it follows from the fact of assignment, of which the defendants had notice, that the suit can be brought by no other person. As between

ALBANY,
Oct. 1832.

the parties to this suit, it is an action brought by *Francis Bolton* against the Trader's Insurance Company. Could the suit have been brought in his name, the objection that the mortgagor had also insured his interest, would not gravely have been made, as a violation of the condition of the policy which had been assigned. The rights of the parties are the same as if the policy declared on had been given to Francis Bolton after the mortgage was executed to him. Suppose it to have been in form so executed, is a policy effected by the mortgagor upon a separate interest to be construed a violation of the condition of the mortgagee's policy ? It cannot be seriously contended, and yet the question presented is precisely the same, because, under the circumstances of this case, the assignee, Bolton, is entitled to the same protection from this court as if the policy stood in his name.

The judgment of the superior court must be affirmed, with single costs.