ALBANY,
Oct. 1834.

Tyler
v.
Ætna Fire Ins.
Company.

Judgment affirmed.

---

### TYLER *vs.* THE ÆTNA FIRE INSURANCE COMPANY.

A *bona fide* equitable interest in property, of which the legal title is in another, may be insured under the general name of property, or by a description of the thing insured, unless there be a false affirmation or representation, or a *concealment after inquiry* of the true state of the property ; and the applicant for insurance is not bound to state the particular interest he has in the premises to be insured, unless specially inquired of by the assurer·

The *condition* in a policy of insurance, that *notice of all previous insurances* upon the property insured shall be given or the policy to be void, *applies only to previous insurances effected by the assured or his assigns;* and not to previous insurances by the former owners of the property.

A new trial will be granted where the judge, instead of submitting the question to the jury whether the concealment of the fact of a *previous insurance* was or was not material to the risk of a *subsequent insurance*, charged them that knowledge by the assured of a previous insurance and neglect to disclose the fact, was such a concealment of a fact material to the risk as avoided the second policy.

THIS was an action on a *policy of insurance* against fire, tried at the Monroe circuit in April, 1832, before the Hon. ADDISON GARDINER, one of the circuit judges.

The plaintiff in an application for insurance, addressed to the agent of the defendants, dated 7th August, 1827, wrote, "I wish to effect an insurance at the office, of which you are

agent, *on my house* in which I reside ;" and after describing adjacent buildings, adds : " I would wish to insure $1800 on my buildings for one year. " On the 24th of the same month, the defendants underwrote the policy, whereby, for the consideration of $15, they insured the plaintiff against loss or damage by fire to the amount of $1500, upon *his two story frame dwelling house* situate in the town of Clarkson for one year from the day of the date of the policy. The house was consumed by fire on the 18th April, 1828. The plaintiff made affidavit, as part of his preliminary proofs, that the property covered by the policy was *worth about $2400*, and that it *was not insured by any other person or persons*, nor *by the plaintiff at any other office*. The policy contained the following conditions ; 1. "Provided further, in case the *insured* shall have already any other insurance against loss by fire *on the property hereby insured* not notified to this corporation, and mentioned in or endorsed upon this policy, then this insurance shall be void and of no effect ; and if the said *insured* or his *assigns* shall hereafter make any other insurance on the same property, and shall not, with all reasonable diligence, give notice thereof to this corporation, and have the same endorsed on this instrument, or otherwise acknowledged by them in writing, this policy shall cease and be of no further effect. And in case of any other insurance upon the property hereby insured, whether *prior* or *subsequent* to the date of this policy, the insured shall not, in case of loss or damage, be entitled to demand or recover on this policy, any greater portion of the loss or damage sustained than the amount hereby insured shall bear to the whole amount insured on the said policy. " The policy contained the usual clause referring to the conditions attached thereto, viz. that it was made and accepted in reference to the proposals and conditions annexed, which it was declared " are *to be used and resorted to in order to explain the rights and obligations of the parties hereto, in all cases not herein otherwise specially provided for.* " The *fifth* condition is in these words : " *Notice of all previous insurances* upon property insured by this company shall be given to them and endorsed on this policy, or otherwise acknowledged by the company in writing, at or before the time of their making insurance there-

ALBANY,
Oct. 1834.

Tyler
v.
Ætna Fire
Insurance
Company.

on, otherwise the policy made by this company shall be of no effect," &c. ; and a portion of the *ninth* condition is in these words : " Also, if there appear any fraud or false swearing, the claimants shall forfeit all claim by virtue of this policy."

After the plaintiff had rested, the counsel for the defendants offered to prove that the plaintiff, at the time he effected the insurance, held the property insured only by an executory contract, upon which he had paid but a small sum for the purpose of showing that the *title* to the property was not in him ; and for the further purpose of showing a *fraudulent conceal-ment* of the nature and extent of his interest. The evidence was objected to, but the objection was overruled. The defendants then produced in evidence a *contract* between one F. Shafer and the plaintiff, bearing date 2d July, 1827, whereby Shafer bargains and sells the lot, on which the house insured is situate, to the plaintiff, and covenants to convey the premises in fee, on the plaintiff performing the covenants on his part, or on neglect to convey, to pay all damages. The plaintiff, on his part, covenants to pay $700 in cash by instalments, and $1300 in an article for land, which he agrees to assign the next day, and to pay the money due and to grow due upon the article ; and when entitled to a deed, to convey the land to Shafer. On the back of the contract were endorsements, by which Shafer acknowledged that the assignment of the article was duly executed on the 3d July, 1827 ; that on the 2d October, 1827, he had received of the plaintiff $50, and on the 10th January, 1828, the further sum of $111. And it was proved that $500 remained due under the article to the owner of the land. The counsel for the defendants also offer-ed to prove, for the purpose of showing fraud on the part of the plaintiff in relation to the burning of his house, that at his solicitation a much greater sum had been inserted in the contract of purchase of the premises than was the actual price agreed upon by the parties ; this evidence was objected to by the plaintiff, but admitted by the judge, and testimony was accordingly given as to such valuation ; and witnesses were examined on both sides as to the *real value* of the property. The defendants also offered to prove that *Shafer* (the bargainer of the plaintiff) had procured an insurance upon the

ALBANY,
Oct. 1834.

Tyler
v.
Ætna Fire
Insurance
Company.

same property, by a policy underwritten by the *Merchants' Insurance Company* of Albany, on the 30th June, 1825, and that the same had been continued by renewals from year to year; the last renewal having taken place on the 28th May, 1827, continuing the policy until the 28th May, 1828. The plaintiff objected to this evidence, but the judge ruled it was admissible, and it was accordingly adduced, and the defendants proved that the plaintiff knew of the existence of such policy at the time that he procured insurance from them.

The counsel for the defendants insisted that the policy underwritten by them was void, by reason of the omission of the plaintiff to give them notice of the *prior insurance* effected by *Shafer.* The judge instructed the jury that the policy obtained by Shafer was not such a policy as the plaintiff was bound to give notice of, and in default of which notice the policy of the defendants would be void. The counsel for the defendants then insisted, that if the prior insurance to *Shafer* did not render the policy of the defendants void *per se,* yet if the plaintiff knew, or had reason to believe, at the time of his application for insurance, that the policy to Shafer was still in existence, and in full force, the omission to disclose such knowledge was such a fraudulent concealment of a fact material to the risk as to avoid the policy; as to which proposition the judge charged the jury, that if, from the evidence, they should be satisfied that the plaintiff, at the time of the application to the defendants for insurance, knew of the policy to *Shafer* from the *Merchants' Insurance Company,* and neglected to disclose that fact to the defendants, it was such a concealment of a fact, material to the risk, as would avoid the policy of the defendants; and they ought, in such case, to find a verdict for the defendants. The judge also charged the jury, that if the plaintiff had been guilty of fraud, in relation to the execution of the policy; or that in the making of the preliminary proofs, he had been guilty of false swearing, in any material fact, which, by the terms of the policy, he was bound to swear to, to entitle himself to the insurance money, they would find a verdict for the defendants. The jury found a verdict for the defendants. The plaintiff, on a bill of exceptions, moved for a new trial.

ALBANY,
Oct. 1834.

Tyler
v.
Ætna Fire
Insurance
Company.

*M. T. Reynolds*, for the plaintiff. The plaintiff was not found to disclose *particularly* his interest in the premises insured ; if the description of the premises was right, the extent of his interest, provided he had any interest in the premises, was of no consequence ; unless particularly inquired of at the time of insurance, he was not bound to disclose. Nor was it incumbent upon the plaintiff to give notice of the policy of the *Merchants' Iusurance Company* ; the provisions in the policy of the defendants upon the subject of notice relate solely to insurances effected by the *plaintiffs* and his *assigns*, and not to policies effected by other persons. The judge erred in instructing the jury that if they should be satisfied that the plaintiff knew of the policy procured by *Shafer*, and neglected to disclose that fact to the defendants, it was such a concealment of a fact material to the risk as would avoid the policy of the defendants, and that the defendants in such event, would be entitled to a verdict. The omission to make such disclosure was not material to the risk ; and at all events, whether it was or was not, should have been sudmitted to the jury.

*E. Ward & I. L. Wendell*, for the defendants, insisted upon the following points : 1. The evidence relative to the nature and extent of the plaintiff s interest was admissible for the purpose of showing a *fraudulent concealment* in respect to the same, and in support of this point, cited *Columbian Insurance Company* v. *Lawrence*, 2 Peters, 25.

2. The judge correctly charged the jury, that if the plaintiff knew of *Shafer's* policy at the time of effecting his insurance, and neglected to disclose that fact, it was such a concealment of a fact material to the risk as avoided the policy.

3. The judge also correctly instructed the jury, that if the plaintiff had been guilty of fraud in obtaining the policy, or of false swearing in his preliminary proofs in a point material, the defendants were entitled to a verdict.

4. That the verdict ot the jury is warranted by the evidence, and should not be disturbed.

ALBANY,
Oct. 1834.

Tyler
v.
Ætna Fire
Insurance
Company.

*By the Court,* NELSON, J.   When this case was first before the court, on a motion to set aside a non-suit and to grant a new trial, we decided that the preliminary proofs furnished were sufficient ; that the plaintiff had an insurable interest in the property, and was not bound to disclose the nature or extent of his interest on the application, unless particularly inquired of by the company ; and that he had a right to insure as general owner.

It is again urged that he was bound to disclose the particular interest he held in the property, and could not insure as general owner, and the case of *Columbian Ins. Co.* v. *Lawrence*, 2 Peters, 55, is referred to, to sustain the position.   The application in that case, so far as it is material to be considered here, was in these words : ' What premium will you ask to insure the following property, *belonging to Lawrence and Poindexter*, for one year, against loss or damage by fire, on *their stone mill.*"   It appeared on the trial that Lawrence and Poindexter held one third of the property in fee, and the other two thirds as the assignees of a mortgagee, and a moiety of the whole of the title was held under a contract which had expired.   The court decided that the plaintiffs had an insurable interest, but that the description of their interest in the property was material to the risk, and not truly stated.   It has been deliberately settled in Massachusetts, as an established principle of the law of insurance, that a bona fide equitable interest in property of which the legal title is in another, may be insured under the general name of property, or by a description of the thing insured, unless there be a false affirmation or representation, or a concealment after inquiry of the true state of the property ; and that the applicant need not represent the particular interest he has at the time, unless inquired of by the company.   *Locke* v. *North Am. Ins. Co.*, 13 Mass. R. 61. *Bartlet et al.* v. *Walter, id.* 267. *Oliver* v. *Green,* 3 id.   4 id. 330.   8 Pick. 80.   *Phillips on Ins.* 64, 94.   Our own course of decisions has obviously been upon this understanding of the law, and in accordance with the above principle ; and such, I apprehend, is the doctrine of the courts in England.   1 Caines, 276.   2 id. 203, 19.   1 Johns. R. 385. 11 id. 302.   1 Hall's R. 126, 130.   9 Wendell, 409.   Marsh.

on Ins. 589. *Rising* v. *Bennett.* id. 590. 3 Burr, 1390. 1 Bl. R. 423. Phillips on Ins. 64, 94, 41. The *nature* and *extent* of the interest of the insured may in some instances be material facts in making up an estimate of the risk and rate of premium, and upon general principles, applicable to this action, a disclosure would seem to be required ; but generally they cannot be so material as to justify a conclusion that they would have varied the premium paid. The necessity of disclosing the title of the applicant would greatly embarrass the operation of insurance, without affording any essential benefit to the offices. Any error in the declaration or description of title might be fatal. The rights of the insurer are sufficiently guarded, by having it in his power to exact, by inquiry a description of the interest of the applicant, and by the recovery being limited in case of loss to the value of the interest proved on the trial. The minuteness of the proposals and conditions, as to the description required of *property* to be insured, without specifying the nature or extent of the *interest*, affords a reasonable inference that this information is not deemed generally material and indispensable. The insurer is only responsible to the extent of the interest of the applicant, and that must be shown upon the trial. The *only* object, therefore, in the previous disclosure of it, is, to enable the insurers to estimate the risk and premium. I have said that this cannot generally be material, in a degree that would deserve consideration. The present case may be taken as an illustration of the justice of the remark. Tyler holds a contract for a deed of the premises, upon which he has paid some $800, and is bound to pay $500 or $600 more. Whether the house burnt down or not, he must pay the amount remaining due or to become due, and the only equivalent for the whole is the premises. We do not perceive how he could be more deeply interested in the preservation of the property by having the fee than he now is ; and the materiality of the disclosure is founded upon the idea that his interest in the preservation would be less in the present state of the title. He is interested to the full extent of the value of the premises. The only qualification conceivable, and which is too sublimated and re-

ALBANY,
Oct. 1834.

Tyler
v.
Ætna Fire Ins.
Company.

fined for consideration, is the chance of escaping from the pay-ment of the balance on the contract, in case of loss.

The judge charged the jury correctly, that the terms and conditions of this policy did not require the plaintiff to give notice to the defendants of the existence of the policy to *Shaf-er* or in default thereof, that the policy declared on would be void. The terms of the policy are, that " in case the *in-sured* shall have already any other insurance against loss by fire on the property hereby insured, not notified to this corpo-ration and mentioned in or endorsed upon this policy, then this insurance shall be void;" " and if the said *insured* or his *assigns* shall hereafter make any other insurance on the same property, and shall not, with all reasonable diligence, give no-tice thereof to this corporation, and have the same endorsed on this instrument, or otherwise acknowledged by them in writing, this policy shall cease." The *fifth condition* is broad-er in its language in this respect; but, I apprehend, a sound construction of it, in connection with the policy, would not extend it so as to add any new obligation; and if so, the poli-cy of which notice is required to be given, is one procured by the *plaintiff* or his *assigns.* I admit, upon this view, it is dif-ficult to discover the use of this condition; but if a distinction was intended between the two clauses, it would have been easy and certainly natural to have marked it more distinctly. The *fifth condition* requires that *notice of all previous insuran-ces,* upon property insured by this company, shall be given, &c. or the policy shall be void. If this provision is to be literally construed, it would include an insurance by any person, but it could not contemplate that strangers would insure the prop-erty; and if they did, the policy would be void, as they would have no interest. The rational interpretation, I think, is, to confine the condition to previous insurances by the *party in-suring.* This view is strengthened by the clause in the poli-cy referring to the conditions, to wit, that " this policy is made and accepted in reference to the proposals and conditions hereto annexed, which are to be used, &c. to explain the rights and obligations of the parties, in all cases not herein *otherwise specially provided for.* I am confirmed also in the propriety of this construction, from the fact thus the corres-

ALBANY,
Oct. 1834

Tyler
v.
Ætna Fire Ins.
Company.

ponding condition in the policy of the *Merchants' Ins. Co.*, given in the case, is, in terms, in conformity to the stipulation on the same subject in the body of the policy, and is also confined to the *assured*. There is another ground upon which this direction of the judge at the circuit may be sustained. The policy by the Merchants' Insurance Company, if subsisting at all, was not an insurance of the *same interest*; it could be operative only upon and to the extent of the interest of *Shafer* in the premises, which was distinct from that of the plaintiff. It is well settled, that persons holding separate and distinct interests in the same subject matter, such as mortgagor and mortgagee, trustee and *cestui que trust*, &c. may each insure their own interests. Phillips on Ins. 41, and cases there cited. The policy, therefore, of Shafer was not upon the *property of the plaintiff that was insured* within the meaning of the clause, which required notice of it to be given, or in default, to become void. *Traders' Ins. Co.* v. *Roberts*, 9 Wendell, 404.

The judge charged the jury, that if from the evidence they should be satisfied that the plaintiff, at the time of his application to the defendants for insurance, knew of the policy of Shafer from the Merchants' Insurance Company, and neglected to disclose the fact, it was such *a concealment of a fact material to the risk* as would avoid the policy, and the jury should find for the defendants. This is undoubtedly a misdirection, for which a new trial must be granted. What facts within the knowledge of the assured are material to the risk, and necessary to be communicated to the assurers at the time of the application, is matter for the jury *exclusively* to determine, as was decided after the fullest consideration, and by the highest authority in the state. *New-York Fire Ins. Co.* v. *Walden*, 12 Johns. R. 513. The judge, instead of directing that the fact of the existence of the policy to Shafer was material to the risk and should have been disclosed, ought to have submitted the point to the jury, after advising them of its bearing upon the case. Admitting the policy of Shafer to be subsisting, it covered only his interest, to wit, the balance of the consideration money. The insured is only entitled to indemnity, and that not to exceed the amount of the policy; and hence Shafer would be entitled only to compen-

sation equivalent to the deprecation of his security for that balance, arising from the destruction of the building. The value of the land, which still remained, and the ability of Tyler to pay on the contract where he was personally holden, must be taken into considertion, in order to ascertain the real claim of Shafer, and to estimate the amount the insurance company would be liable to pay him ; or if the company paid to the amount of the policy, they would undoubtedly be entitled in equity to Shafer's security which he held for that sum against Tyler, which would be the same thing, and would afford the means of a more accurate adjustment upon the principle stated. Upon this view of the relative position of the parties, it is not difficult to ascertain the materiality of the fact under consideration. It could influence the conduct of the *plaintiff* in no possible way upon the score of interest or otherwise, assuming that the insurer trusts more to the interest than the principles of the assured ; he would gain nothing in case of loss, from the existence of this policy. As to *Shafer*, what interest or inducements had he adverse to the ordinary security of the interest of the company in these cases ? As he was not in possession, the idea of a relaxation of care and attention in the preservation of the building does not enter into the view of this branch of the case. The existence of an interest, and hence the temptation to be the incendiary to destroy the property, is all that can be said in respect to him— and that interest arising exclusively and to be measured by the difference between the value of the security he already held, and that of the policy for the balance of the consideration money ; and it does not appear but that the security was ample for the purpose. I do not intend to say whether the fact of the existence of Shafer's policy was or was not material ; all I mean to say is, that it is not a question of law, and that many considerations exist, and should be submitted to the jury, to enable them to form an enlightened opinion on the point. I have referred to some of them, which seem to me to tend to confirm the propriety of the rule, that the question is one of fact, and exclusively within the province of a jury.

There were other questions presented upon the argument, but the conclusion to which I have arrived renders it unimportant to examine them.

New trial granted; costs to abide event.