## SUPREME COURT.

WHITE agt. THE HUDSON RIVER INSURANCE COMPANY.

Though a policy of insurance must state correctly *what* is insured (the subject matter), it is not necessary that the *particular interest in the property*, or *the reason why*, the party insures should also be expressed.

Where the plaintiff insured " $1500 on his brick building in Washington street, Brooklyn, and $1500 on his engine and boilers therein contained;" and it appeared that before the insurance, one Gilbert owned the property in his own right, and assigned it to the plaintiff in trust to sell and pay the creditors of Gilbert, and the plaintiff was one of such creditors, *Held*, on demurrer, that the beneficial interest of the plaintiff covered the whole insurance, and entitled him to recover.

*New York Special Term, December* 1852. *On demurrer.*

MITCHELL, Justice.—The complaint alleges that the defendants on 27th February 1851, insured the plaintiff against loss by fire to the amount of $3000· viz., $1500 on his brick building in

Washington street, Brooklyn, and $1500 on his engine and boilers therein contained, and shows that the building and machinery thus insured were destroyed by fire during the continuance of the policy. By the third condition of the policy, "property held in trust or on commission must be insured as such, otherwise the policy will not cover such property; and in case of loss the names of the respective owners shall be set forth in the preliminary proofs of such loss, together with their respective interests therein."

The complaint alleges that the plaintiff was the owner of the building and of the boilers and engines.

The answer alleges that the plaintiff was not the owner of the property in his own right; that before the insurance one Gilbert owned it in his own right and assigned it to the plaintiff in trust, to sell and pay creditors of Gilbert. The plaintiff replies that on the execution of the trust deed the whole property was delivered into his actual possession, and that he was one of the creditors to be paid, and that the amount to be paid to him under the trust deed exceeded $3000.

The first question is, can the plaintiff under this policy recover the amount insured on account of the interest he had in the property as a creditor, to be paid out of it?

The questions whether it was material for the plaintiff to disclose this peculiar interest to the defendants, and whether the omission to disclose it would be deemed a fraudulent concealment, and whether that interest would be insured at a higher premium than the interest of an owner in fee, do not arise on this demurrer. There is no allegation as to any representation or concealment occurring at the time of the insurance, and the materiality of the concealment would be a matter of fact for a jury to pass upon (Tyler vs. Ætna Fire Ins. Co. 12 Wend. 515). But the policy describes the property as the plaintiff's; that is, as " his building " and " his engine and boilers."

In the U. S. Court where the insured had title to the property as to one third in fee, and as to the other two thirds as mortgagees, but the title as to one moiety was under a contract not complied with; and in their offer for insurance the property was described as " belonging to them," and in the policy as " theirs,"

White agt. Hudson River Iusurance Co.

the Supreme Court held that the insured had an insurable interest in the property (2 *Peters,* 46), but that the court below erred in instructing the jury that the interest of the insured in the property (2 *Peters,* 57) was such as was described in the *offer* and in the policy. The Supreme Court refer both to the offer and the policy, but they state (p. 48) that " the *material* inquiry is does the *offer* for insurance state truly the interest of the assured in the property to be insured;" and thát court then proceeds to argue that point alone, and takes no notice in its opinion of the description in the policy (p. 50), and concludes, that " this court is of opinion that a precarious title, depending for its continuance on events which might or might not happen, is not such a title as is described in the offer for insurance, construing the words of that offer as they are fairly to be understood," and that the court had " in *this* respect misdirected the jury."

The other point as to the description *in the policy* was not *particularly* noticed by the court, but they in their order disapproved of the instruction to the jury by the court below, without distinguishing between the offer and the policy. This may have been merely to negative the instruction in the words in which it was given. This case came under the consideration of our own Supreme Court in Tyler vs. Ætna Fire Insurance Co in 12 *Wend.* 507–512; and it was there held that it was a question for the jury whether the nature of the interest was material to the risk (p. 515), but that generally " it can not be so material as to justify a conclusion that it would have varied the premium paid " (p. 513), and that it had been held in Massachusetts and in this state " as an established principle of the law of insurance, that a *bona fide equitable interest,* of which the legal title is in another, may be insured under the *general* name of *property,* or by a description of the thing insured, unless there be a false affirmation or representation, or a concealment *after* inquiry of the true state of the property; and that the applicant *need not* represent the *particular* interest he has at the time, unless inquired of by the company " (p. 512); and in that particular case the court held, as they had held before, "that the plaintiff had an insurable interest in the property and was not bound to disclose the nature or *extent of his* interest in

the application unless particularly inquired of by the company; and *that he had a right to insure as general owner.*"

The application of the plaintiff described the property as "*my* house," and the policy described it as "*his* two story frame dwelling house" (p. 508).

The plaintiff had only a contract for the purchase of the land, which he had not fully complied with (p. 508, 513), he therefore had only a right to the lands to be enforced in equity, or an equitable interest in them. The court in this case refer to a variety of cases, some of which it may be proper to state particularly.

In Oliver vs. Greene (3 *Mass. R.* 133), the plaintiff owned half of a schooner and hired the other half from the other owner under an agreement to insure the vessel for $3000, and to pay the other owner $1800 if the vessel should be lost. The policy insured the plaintiff on "the schooner Hiram," and it was held that he could recover for the whole value of the schooner, although it had been argued by the defendant (p. 136), that when a special interest was insured it must be specially described, and freights, profits and respondentia bonds, were quoted as instances.

In Stetson vs. Massachusetts Mutual Fire Ins. Co. (4 *Mass.* 330), the plaintiff after insuring his house conveyed it to another, reserving to himself a term for seven years, and the grantee immediately mortgaged it back to him, and executed a lease to him; it was held that his interest in the property was not so aliened as to prevent his recovery on the policy.

In Lawrence vs. Van Horne (1 *Caines R.* 276), the plaintiffs being owners of one third of the cargo of a vessel, effected an insurance on the cargo without disclosing their limited interest and though intending to insure only their own one third, and they were allowed to recover.

In 2 *Caines' Cases in Error*, 110 (Smith vs. Williams), reversing the decision in 2 *Caines R.* 19, it was decided that the owner of a ship covered by a bottomry bond to an amount beyond her value, had not an insurable interest. The reasons for this decision, if it is still to be deemed authority, are well stated by the counsel for the plaintiff in error (p. 111), and which were substantially adopted by the court, viz., that a bottomry bond is

White agt. Hudson River Insurance Co.

a species of insurance; (this decided in February 1805; but see
1 *John. Rep.* 385, decided in 1806, and 5 *B. & P.*, 295, in
1806; although those cases do not show that the bottomry was
for the full value); in the former the money is advanced before
the loss, in the latter after. In *either* case the original owner is,
in case of accident (a total loss), equally secure, as the money
is not, like a mortgage, to be returned; consequently he can not
have an interest, excepting that which remains beyond the ex-
tent of what he borrows, and that he should not be permitted,
therefore, to insure for more than that excess; that a contrary
doctrine would *tolerate double insurance* (and *recoveries*) and
open a wide door to fraud. That case does not show how a
special interest is to be described in the policy, but it proceeds
on the supposition that it need not be specified in the policy; and
it helps to show why one kind of special interest must be spe-
cified in the policy, viz., a bottomry interest; it is because that
is itself in the nature of an insurance. Our law has, as usual,
followed the English law, which was founded on the 19 *Geo.* 2,
*ch.* 37, to prevent wager policies, and which forbid reassurances
except in certain cases, and required that even in those cases it
should be *expressed in the policy* to be a *reassurance* (see 1 *Burr.*
492–3, Gordon vs. London Ass. Co.): so in the somewhat similar
cases of bottomry and respondentia bonds, from analogy ap-
parently, these special interests must also be stated in the policy
(see also, although not authority, the remarks of Mr. Emmett in
11 *J. R.* 309, Murray vs. Col. Ins. Co. to the same effect). The
holder, therefore, of a bottomry or respondentia bond, and one
who desires a reassurance, must, when they obtain an insurance,
specify the nature of their interest. In three other cases also,
must the nature of the interest be stated, viz: in a case of in-
surance on freights, or on profits, or on commissions. Profits
must be specified, because in an insurance on goods, the insurer
generally takes no risk of the rise or fall in the value of the
goods, but is merely to indemnify the owner according to their
cost or value at the place of exportation; if, therefore, the profits
are to be insured, that can only arise out of a special contract,
differing from the ordinary contract of insurance, and therefore,
that special contract must be stated. It was not without consider-

able struggle that profits were allowed to be insured at all (see Barclay vs. Cousins, 2 *East*, 544, and Eyre vs. Glover, 16 *id.* 218)

The commissions and privileges of a captain of a vessel for a like reason should be specifically named in the policy, and are then insurable (King vs. Glover, 5 *B. & P.* 206). The same principle applies to freight. It would not be included in an insurance on the ship, or on the cargo; and, therefore, when it is intended to be covered by the policy it must be specially named, and then it may be recovered by the owner of the vessel, even on his own goods carried in his own vessel (Flint vs. Flemyng, 1 *Barn. & Ad.* 49). This shows how liberally the terms used in a policy are interpreted, as they should be, in instruments drawn, with the exception of the printed form, in the fewest words and without the aid of advice; they are therefore called contracts of *uberrima fides*, as the greatest confidence is reposed by each in the fulfillment of the contract by the others, with the utmost good faith, rather than in the words that may be used.

So where the plaintiffs were common carriers by water, and were insured *upon goods* carried by canal navigation in boats, and upon the body and tackle of the boats, they were allowed to recover under that description, for goods of others carried by them (3 *Barn. & Ad.* 478, Crowley vs. Cohen). The different members of the court said, "although the *subject matter* of the insurance must be properly described, the *nature of the interest* may in general be left at large" (p. 485). It is not necessary that the interest of the plaintiff should be more specially described," "The particular nature of the interest is a matter which only bears on the amount of damages, it is *never* specially set out in the policy." "It is only necessary in such a policy to state accurately the subject matter insured, not the particular interest which the assured has in it."

The rule is thus laid down by some of the judges that the nature of the interest need not ever be stated in the policy, and that proposition may be sustained, if freight, profits, commissions, the right of one effecting a reassurance, or holding a bottomry or respondentia bond be considered as the subject matter insured, as the first three may be.

In Carruthers vs. Shelden (6 *Taunt.* 14), the plaintiffs had

White agt. Hudson River Insurance Co.

effected an insurance on coffee for C. & Co.; their firm was interested in seven-sixteenths of the property, and it was held that they might recover not only for those shares, but to the amount also of all the advances which they had made for the other owners, yet none of those interests were stated in the policy.

In Kinney vs. Van Horne (1 *J. R.* 385), the insurance was on a sloop; the plaintiff had contracted to buy it, and had paid part only of the purchase money, but had not received the title, and was in possession; he was allowed to recover.

In Murray vs. Col. Ins. Co. (11 *Johns. R.* 302), the plaintiffs obtained insurance for themselves, on all goods on board the Rolla; they had purchased the whole cargo, under an agreement that Lyman was to be interested one third in it; although they were not allowed to recover for that one third, yet they were allowed to recover for their two thirds, although the limited nature of their interest did not appear in the policy. So in the same case, the plaintiffs owned only one half the ship, but effected an insurance on the whole; and it was contended that they were not entitled, under the pleadings, to recover for any part (p. 312); but the court held they could recover for the half, and for that only, although the policy was a valued one. The case of Rising vs. Burnett, was there referred to and approved; in it the plaintiff was one of four part owners of a ship, and each insured the freight, without mentioning that it was only a share of the freight that he was interested in; and it was contended for the defendant that the plaintiff should have stated his interest according to the truth and not in that general form; but he was allowed to recover for his one fourth (p. 313).

In 1 *B. & P.* 315 (Wolfe agt. Horncastle), the plaintiffs having advanced £300 in expectation that bills of lading for the goods to be shipped would be sent to them, were held entitled to recover to that amount in a policy on the goods for themselves and others, and which did not show their peculiar interest.

In 1 *Hall's Sup. C. Rep.* 84 (De Forest vs. Fulton Fire Ins. Co. approved in 12 *Wend.* 507 &c.), an insurance on goods, " as well the property of the assured, as held by them in trust, or on commission," was held to cover not only the interest of the assured, but the whole value of the property.

In 9 *Wend.* 409 (Traders' Ins. Co. vs. Robert), SAVAGE, Ch. J. says, " A mortgagor and mortgagee may *each* insure the same building, and it seems their particular interest need not be described in the policy; it may be described *as the property* of the insured; a mortgagor or mortgagee need not disclose his qualified or particular interest—but a bottomry interest must be insured *eo nomine.*"

These cases seem clearly to establish the principle that the nature of the interest need not be specified in the policy, except in cases of reassurance and insurance by the holder of a bottomry or respondentia bond, and insurance on freight, profits, and commissions; and even these cases will not be exceptions to the rule, if they may be regarded as the subject matter insured, rather than as the interest of the party. The rule is thus stated in *Smith's Mercantile Law* (p. 208), " although the *subject matter* of insurance must be properly described, the nature of the interest may be, generally speaking, left at large; in other words, though a policy must state correctly *what* is insured, it is not necessary that the *reason why* the party insures, should also be expressed."

It can hardly be questioned that the plaintiff, by virtue of his beneficial interest in the property, had an insurable interest. It is not essential to an insurable interest that one should have a *property* in the thing insured, or an *estate* legal or equitable in it; the term insurable interest, is used and is more extensive than " property or estate in a thing." In the strongly litigated case of Lucena vs. Crawford (*5 B. & P.* 270), this was admitted by the judges, who agreed in the final decision of the cause, as well as enforced by the judges in the minority. LAWRENCE, J., one of the majority, says: " The contract of marine insurance may extend to protect every kind of interest that may subsist in, or be *dependent upon* things exposed to the dangers, to which maritime adventures are subjected " (p. 303–4). " A man is *interested* in a thing to whom advantage may arise or prejudice happen, from the circumstances which may attend it, and when it importeth that its condition as to safety or other quality should continue, *interest* does not necessarily imply a right to the whole or *a part* of a thing (nor necessarily and exclusively that

which may be the subject of privation) but the having some relation to, or concern in the subject of the insurance, which relation or concern by the happening of the perils insured against, may be so affected as to produce a damage, detriment or prejudice to the person insuring; and where a man is so circumstanced with respect to matters exposed to certain risks or dangers, as to have a moral certainty of advantage or benefit, but for those risks or dangers, he may be said to be interested in the safety of the thing.

The *property* of a thing, and the *interest* derivable from it, may be very different; of the first, the price is generally the measure—but by *interest* in a thing, every benefit or advantage arising out of, or *depending* on such thing, may be considered as comprehended." So in Wolfe vs. Horncastle (1 *B. & P.* 323–4), BULLER, J., says, " a debt which *has no reference* to the article insured, and which can not make a lien on it, will not give an insurable interest; but a debt which arises in consequence of the article insured, and which would have given a lien on it, does give an insurable interest;" and he adds, in the case of an intended consignment of goods, " the case is not at all altered by the goods not having arrived."

A mortgagor and mortgagee, trustee and *cestui que* trust, a consignor for the value that remains after paying the consignee, or for his other interest, and the consignee to the extent of his interest, or advances and lien, and a factor with a lien, may all insure and recover, each according to his interest. Here each creditor under the assignment had an interest in both the real and personal property, although under our statute as to trusts, he may have had no *estate,* legal or equitable, in the real estate (1 *R. S.* 729, § 60). But that statute relates only to real estate, and the personal is left as before, so that as to that there remains an equitable estate in favor of the creditor. And even as to the real estate, the statute referred to expressly declares that the beneficiary " may enforce the performance of the trust in equity " (*id.*), and makes absolutely void every sale or conveyance in contravention of the trust (1 *R. S.* 730, § 65). The creditor, therefore, has such an interest in the real estate assigned, that he can compel the sale of it and the application of the proceeds to the payment of his debt, and no act of the trustee will be allowed to

defeat this right. This is an interest at least as strongly im pressed upon the land as that of a mortgagee. It is not like the case of a creditor without any specific lien; certain property is subjected to the payment of his debt.

A person insured having two interests in the same property, may recover according to both or either, as if he be part owner of the goods, and has made advances and has a lien on the other shares of them; so if he were owner of one share and mortgagee of another—and if for any reason he could not recover in the one capacity, that would not prevent his recovery in the other. So here, the plaintiff is insured—the policy is broad enough to cover his interest, both as trustee and beneficiary, and if he can not recover as trustee, on account of not being so described, although he may have intended to insure as such, that is not to prevent his recovery as beneficiary.

As the beneficial interest of the plaintiff is enough to cover the whole insurance, he is on that ground entitled to recover in this case, and the demurrer must be overruled with costs. It may be that equity will require the plaintiff to apply the amount to be recovered for the benefit of all as if he had insured as trustee; that question need not now be considered (*see* 16 *W.* 397, *&c.*).