Roussel agt. St. Nicholas Insurance Company.

# NEW YORK SUPERIOR COURT.

HENRY ROUSSEL, respondent, agt. THE ST. NICHOLAS INSUR-
ANCE COMPANY OF THE CITY OF NEW YORK, appellant.

*Complaint — Parties.*

Where a policy of insurance by its terms makes the loss payable to a
mortgagee named, of the property insured, he may maintain an action
in his own name for such loss.

In such case it is not necessary to join those who were in actual posses-
sion of the property at the time of such insurance, and in whose name
the policy was obtained, although they were the owners of the property
subject to the interest of the mortgagee.

A mortgagee of property has an insurable interest in it, and where the
complaint expressly avers such interest to have existed at the time of
effecting the insurance, the legal presumption is that such interest con-
tinued until the time of the loss. It is unnecessary to aver in the com-
plaint the existence of an insurable interest at the time of the loss, as
what is necessarily implied need not be in terms alleged.

The misuse of a word which is manifestly a mere orthographical error,
by which the party has not been misled, does not render pleadings demur-
able. Such mistakes may be corrected at any time, and should be
disregarded.

*General Term, April,* 1876.

THIS is an appeal from an order, made at special term
December 6, 1875, overruling a demurrer to the complaint.
The action is upon a policy of fire insurance, made by
defendant on the 15th day of March, 1875, whereby it agreed
to make good any loss or damage by fire to the amount of
$2,500 on the steam tug propeller Matt. White, during the
period of one year.

The complaint avers: that said policy of insurance made

such loss or damage payable to Henry Roussel, this plaintiff, and was obtained in the names of S. W. Morris and A. C. Lewis; that the consideration for said policy was paid by Henry Roussel, this plaintiff, as was well known to the defendant when said sum was accepted by it.

That, at the time aforesaid, this plaintiff held a chattel mortgage on said property, to secure a payment of $2,500 due from the owners of said property to this plaintiff, which chattel mortgage was at that time overdue, and by the terms of which mortgage this plaintiff was entitled to the immediate possession of said property, and this defendant gave the policy of insurance as aforesaid on said property with the intention to secure against loss or damage by fire, to the extent of $2,500, the interest which this plaintiff held in such property as aforesaid, the fact of such interest to this plaintiff in said property being well known to the defendant.

That, at the time of such insurance, S. W. Morris and A. C. Lewis, aforesaid, were in actual possession of the property thus insured, and were the owners of the same, subject to the plaintiff's interest as mortgagee as aforesaid; that is to say, the said Morris and Lewis had the right of redeeming said property, and obtaining undisputed ownership of the same, upon payment of the sum aforesaid, due as aforesaid to this plaintiff.

That, on the 20th day of June, 1875, a fire occurred by which the property thus insured was destroyed, and a loss incurred to an amount exceeding the sum aforesaid of $2,500, to wit, to an amount of at least $3,055.

That said fire originated about 12 o'clock, midnight, on said 20th day of June, 1875, while said boat was lying in the harbor of New York, and that said fire was not caused by any of the accepted (*sic.*) risks in said policy contained.

That immediately after the aforesaid fire and loss, the defendant was duly notified of the same, and soon thereafter, and more than sixty days before the commencement of this action, formal proof of loss was delivered to and left with

the defendant, both by and in behalf of the said Morris and Lewis, and by and in behalf of this plaintiff.

That the defendant has refused, and still refuses, on its part to perform the conditions in said contract of insurance.

That the full sum of $2,500, as aforesaid, remains due and unpaid.

The defendant demurred on the ground : (1) That plaintiff had not legal capacity to sue. (2) That there was a defect of parties in the omission of the names of S. W. Morris and A. C. Lewis, the parties insured. (3) That the complaint does not contain facts sufficient to constitute a cause of action.

The court at special term overruled the demurrer and ordered judgment for the plaintiff, with costs, but with leave to the defendant to withdraw the demurrer and put in an answer, within twenty days, on payment of costs.

*John Hewitt*, for appellant.

*Edward D. McCarthy*, for respondent.

SANFORD, *J.* — As mortgagee of the steam-tug, the plaintiff had an insurable interest in her (*Phil. on Ins.*, 41, 64; *Traders' Ins. Co.* agt. *Roberts*, 9 *Wend.*, 404). The complaint expressly avers such interest to have existed at the time of effecting the insurance. The legal presumption is, that such interest continued until the time of the loss (*Bank of Auburn* agt. *Roberts*, 44 *N. Y.*, 192). But the defendant insists that the complaint should have averred the existence of an insurable interest at the time of the loss, and that the absence of an express averment to that effect cannot be aided by inference or intendment, nor by presumptions or conclusions of law. The rule, however, is well settled, that what is necessarily implied need not be in terms alleged.

The averment of the plaintiff's lien, and that defendants gave the policy on the property with the intention to secure against loss the interest which plaintiff held in such property (the fact of such interest being well known to defendant), is

admitted by the demurrer. If denied, it would be sustained by the production and proof of the mortgage and policy, and such proof would throw upon the defendant the burden of showing that the plaintiff's interest had ceased at the time of loss.

Whatever must be proved should be averred, but the averment, while it should be commensurate with, need not exceed the required proof.

The action was well brought by the plaintiff in his own name. He was the real party in interest (*Code, sec.* 3).

At common law, if an instrument be not under seal, the party for whose sole benefit it is evidently made may maintain his action thereon, in his own name, although the engagement be not directly to or with him (1 *Chitty's Pl.,* 5 ; *Schermerhorn* agt. *Vanderheyden,* 1 *J. R.,* 139). In *Evins* agt. *Harmony Fire Insurance Company* (3 *Bosw.,* 517), it was held that the owner of the equity of redemption could not recover upon a similar policy, while the mortgagee remained unpaid, and for the reason that the mortgagee had the absolute right to recover the loss.

In contemplation of law there is created a privity of contract between the promisor and the party who alone has a beneficial interest in the performance of the promise.

Morris and Lewis are not necessary parties to the action.

The controversy between the parties before the court can be determined without prejudice to any rights of theirs, and a complete determination of the controversy can be had without their presence (*Code, sec.* 122).

The misuse of the word "accepted" for "excepted," in the allegation that the fire was not caused by any of the accepted risks, is manifestly a mere orthographical error, by which defendants have not been misled. Such mistakes may be corrected at any time, and should be disregarded. They do not render pleadings demurable.

The order appealed from should be affirmed, with costs.

CURTIS, J., concurring.