## SAMUEL MERWIN, Appellant, *v.* THE STAR FIRE INSURANCE COMPANY, Respondent.

*Policy of insurance — issued in name of owner, loss payable to mortgagee — mortgagee cannot recover, when owner cannot — Warranty, breach of — Truth of representation, not knowledge of fact represented, essential.*

Where a policy is taken out by a mortgagee in the name of the owner, who pays the premiums, and with his assent, loss payable to such mortgagee, on premises supposed by the applicant and represented to be used as a dwelling-house, but actually at the time, and up to the date of the loss, which occurred by fire communicated from adjoining property, leased by the owner to parties who occupied the cellar for the storage of articles, which by the terms of the policy it was declared should cause it to cease and be of no further effect, if such articles were stored there during its continuance:

*Held*, that the policy was void at the very date of its inception; that all representations which affect the risk are warranties, and it is immaterial, as to the effect of this warranty, that the applicant did not know that the house was occupied except as a dwelling-house; the truth of the representations, not the knowledge of the fact represented, is the condition precedent to its validity.

*Held*, also, that the policy was issued to the owner, and the fact that the loss was made payable to the mortgagee, gave him no greater right than the owner would have had were he seeking to enforce it. It was the owner's loss, payable to the plaintiff as mortgagee.

*Held*, further, that under the uncontradicted evidence in the case as to the use of the premises, no verdict that the house was used as a dwelling-house would be permitted to stand, and in such case the rule is well settled that the court may properly order a dismissal of the complaint.

Appeal from a judgment entered in favor of the defendant against the plaintiff, on the direction of the court to the jury, to find a verdict for the defendant.

*Ira D. Warren*, for the appellant.

*Osborn E. Bright*, for the respondent.

Barnard, J. :

I think this case was properly disposed of at the Circuit. There was no dispute as to the facts on which the decision was made. A

Mr. McMurray was the owner of a lot of land in Brooklyn, on which there was a brick house. The plaintiff held a mortgage on the property for $2,000. George W. Mead, an agent of the plaintiff, applied to the defendant to insure the house on the premises. An insurance was effected. Mead stated in his application that the house was used as a dwelling-house, and it was insured as such and is so described in the policy. The policy was given to insure McMurray against loss by fire on this house, such loss being made payable by the terms of the policy to Samuel Merwin, mortgagee. This policy was taken out with the assent of McMurray, and he paid the premiums upon it. Neither Mead or defendant knew at the time of the issuing of the policy that it was occupied in any other way than as a dwelling. McMurray was informed the year preceding, of the use to which part of it was to be put. The policy contains this clause : "If during this insurance the above mentioned premises shall be used for any trade, business or vocation, or for storing, using or vending therein, any of the articles, goods or merchandise denominated hazardous, or extra hazardous, or specially hazardous, in the second class of hazards printed on the back of this policy. * * * This policy shall cease and be of no force or effect." In the class of hazards referred to in this clause "hay, and straw pressed in bundles," and basket selling, are termed extra hazardous, and stocks of willow-ware, specially hazardous. The policy was taken out March 7th, 1874, and was for one year.

The house was consumed by fire during the year, the fire being communicated from adjoining premises. In the spring of 1873 McMurray leased the property to William and Charles Bishoff ; these men were basket makers. From the spring of 1873 until the time of the fire these men had a large stock of willow, for the purpose of being manufactured into willow baskets. This stock was kept in the cellar of the house ; it was very dry and inflammable. Seven men, the two Bishoffs and five employes, were constantly engaged in the cellar, in the manufacture of baskets. The baskets would, after they were finished, remain in the cellar until they were sold, or while a sufficient number was made with which to fill large orders. In the sub-cellar the Messrs. Bishoff kept a horse ; bought the hay for its use in bundles, which were deposited

in the sub-cellar until needed for use. Upon this state of facts the court dismissed the complaint.

The policy was issued to McMurray, the owner; and the fact that the loss was made payable to the mortgagee, gave him no greater right than McMurray would have, were he seeking to enforce this policy. It is McMurray's loss, paid to plaintiff, a mortgagee. Neither of the cases cited sustain a contrary opinion. In *Trader's Insurance Company* v. *Robert* (9 Wend., 404) it was held that mortgagor and mortgagee could each insure, independently of the other. In *Tillou* v. *Kingston Mutual Insurance Co.* (1 Seld., 405) it was held that a transfer by one partner to his copartner of his interest in the insured property did not affect the rights of an assignee, who took the policy with the assent of the company before the transfer. The policy was void at the very date of its issue. All representations which affect the risk are warranties. This principle has been repeatedly applied to the very words of the representation proved in this case. A description of the property insured as a "dwelling-house," in the policy itself, constitutes a warranty. (*Burritt* v. *Saratoga Fire Insurance Company*, 5 Hill, 188; *Jennings* v. *Chenango Mutual Fire Ins. Co.*, 2 Den., 75; *Lappin* v. *Charter Oak Fire Ins. Co.*, 58 Barb., 325; *Wall* v. *East River Ins. Co.*, 3 Seld., 370.)

The same principle is approved in *Bryce* v. *Lorillard Fire Ins. Co.* (55 N. Y., 240), where it was decided that a description of a place of deposit in an application for an insurance on personal property, was a warranty, the truth of which is a condition precedent to any liability thereon. (See, also, *Parmelee* v. *Hoffman Fire Ins. Co.*, 54 N. Y., 193.)

It is immaterial as to the effect of this warranty, that Mead did not know that the house was occupied, except as a dwelling. The truth of the representation is a condition precedent to the validity of the policy, and not Mead's knowledge of the fact represented. Under the uncontradicted evidence in this case as to the use of the premises, no verdict that the house was used as a dwelling-house only, would be permitted to stand; and in such case the rule is well settled, the court may properly order a dismissal of the complaint.

The policy became void, after its issue, by the continued use of

the building as a basket manufactory, with the large stock of baskets almost constantly kept there.

The clause cited from the policy had the effect to make the condition annexed thereto part of the contract. (*Murdock* v. *Chenango County Fire Ins. Co.*, 2 Comst., 210.)

As the breach of the warranty seems to be fatal, it is needless to discuss this question.

Judgment affirmed, with costs.

DYKMAN, J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment affirmed, with costs.