18148

Tulley A. BROWN, Respondent, v. Hazel M. BROWN, Appellant

(134 S. E. (2d) 222)

384

*Jack H. Page, Esq.,* of Conway, *for Appellant,*

*Messrs. Long & Long,* of Conway, *for Respondent.*

December 31, 1963.

BUSSEY, Justice.

In this action, commenced May 29, 1961, the respondent husband sought and was granted a divorce on the ground of desertion, it being alleged that the appellant wife deserted him on May 20, 1960. The answer of the wife contained a general denial and alleged by way of defense the breach of a premarital agreement by the husband as the cause of separation; an attempted reconciliation with the husband and recrimination as a bar and defense; and additionally, by way of counterclaim, she alleged that she had attempted a reconciliation with the husband and that he refused to take her back. In her prayer for relief she asked for reasonable sup-

port and maintenance and the payment of attorneys' fees for services rendered in connection with the defense of the action.

It is undisputed that the wife, as a result of discord between the parties, left the marital home on May 20, 1960, following which she brought an action against the husband for separate support and maintenance. The trial court denied her relief and this court, on appeal, affirmed for the reasons set forth in the opinion. *Brown v. Brown,* 239 S. C. 444, 123 S. E. (2d) 772.

The instant appeal imputes error to the trial court in awarding the husband a divorce and denying the wife's prayer for attorneys' fees. In considering whether there was error in granting the divorce, we find it only necessary to consider the exceptions addressed to the alleged insufficiency of evidence.

This court has repeatedly held that "The essential elements of desertion, to warrant a divorce on that ground under the law of this state, are (1) cessation from cohabitation for the statutory period of one year; (2) intent on the part of the absenting party not to resume it; (3) absence of the opposite party's consent; (4) absence of justification." *Boozer v. Boozer,* 242 S. C. 292, 130 S. E. (2d) 903. See also, *Frazier v. Frazier,* 228 S. C. 149, 89 S. E. (2d) 225; *Machado v. Machado,* 220 S. C. 90, 66 S. E. (2d) 629.

The husband here not only failed to prove the existence of the third above enumerated essential element of desertion, "the absence of the opposite party's consent", but his own testimony affirmatively refuted the existence of such element.

It is undisputed that the wife on several occasions, by letter and telephone, attempted to effect a reconciliation, and we quote in part from the husband's testimony thereabout.

"Q. She asked you to meet her?
"A. To come to the warehouse and talk to her.
"Q. She wanted to talk to you?
"A. Yes, sir.

"Q. And you wouldn't come?
"A. I couldn't get off."

\* \* \*

"Q. You never answer letters?
"A. Not all of them.
"Q. You didn't want to answer that one?
"A. If you want to be plain, I will tell you; no, I did not.
"Q. You didn't want Hazel to come back, did you?"

\* \* \*

"A. Well, no, I didn't.
"Q. You did not?
"A. No, sir."

There was no direct testimony by the husband to the effect that the departure of the wife from the home was without his consent or against his will; and there was testimony on the part of the wife to the effect that when the parties originally separated the husband told her that she had had her chance to live with him and that she would never get another one. This testimony was not only corroborated but undenied by the husband. The entire record discloses a picture of the husband being not only quite willing for the wife to depart, but desirous of her remaining away. It follows that the trial court was in error in granting a divorce to the husband. One essential element being absent, it becomes unnecessary to determine whether the other essential elements of desertion existed or not, although it is conceded that the first element, cessation of cohabitation for the statutory period of one year, did exist.

It is also unnecessary for us to pass upon two additional questions raised by the exceptions which impute to the trial judge error in the following particulars:

1. In ruling that everything that transpired between the parties before the separation was *res judicata* between the parties by virtue of the decision in the separate support and maintenance action by the wife, and excluding upon this basis all evidence of events between the parties prior to the time of separation.

2. In holding that the offers of reconciliation of the wife were not sincerely made, in good faith, free from improper qualifications.

We mention these additional questions simply because we do not wish our failure to pass thereupon to be construed as affirming the action of the trial judge thereabout. To the contrary, we find it unnecessary here to express any intimation or opinion thereabout and do not do so.

Although not made the basis of an exception, since the state is always a silent third party in a divorce case, we point out that the divorce decree here (in violation of the express provisions of Section 20-110 of the 1962 Code of Laws) contains no statement to the effect that the trial judge made any effort to reconcile the parties to the action. While the statute requires an earnest effort toward reconciliation by the court in every case where both parties are before the court, and a certification with respect thereto by the court, it would seem to us even more imperative that the court exert such earnest effort in a case where one of the parties affirmatively alleges efforts toward and seeks a reconciliation. It has long been settled that the public policy of this state relating to marriage is to foster and protect it, to make it a permanent and public institution, to encourage the parties to live together, and to prevent separation. *Brown v. Brown,* 215 S. C. 502, 56 S. E. (2d) 330, 15 A. L. R. (2d) 163; *Fogel v. McDonald,* 159 S. E. 506, 157 S. E. 830. The recognized public policy of this state is further clearly reflected in the legislative enactment of the Code Section above referred to. See *In re DePass,* 231 S. C. 134, 97 S. E. (2d) 505. The error of the trial judge in failing to comply with the statute would be sufficient ground for reversal of the decree independently of the reason hereinabove given.

The only other question raised by the appeal is the denial of attorneys' fees to the wife. Since the decision of the trial judge thereabout may very well have been influenced by his erroneous decision in granting the husband the relief which

he sought, we deem it proper to remand the cause so that the trial court may reconsider the question of attorneys' fees in the light of this decision and the applicable law, including particularly Section 20-112 of the 1962 Code.

Reversed and remanded.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.