## 21683

Mack GAINEY, Jr., Appellant, v. Ruby Sue T. GAINEY, Respondent.

(290 S. E. (2d) 242)

*Allen C. Pate*, Florence, *for appellant.*

*James I. Redfearn*, Chesterfield, *for respondent.*

April 5, 1982.

*Per curiam:*

Appellant (husband) was granted a divorce on the ground of one year's continuous separation. Although appellant's ground for divorce was separation, he nonetheless pled and

attempted to prove adultery on the part of the wife in order to permanently preclude alimony. See Code of Laws of South Carolina, Section 20-3-130 (Supp. 1981). The trial judge determined the issue of adultery had not been properly pled, apparently because the pleadings did not specifically allege the elements of the crime of adultery.

Family Court Rule 5 requires a "short and plain statement" of the essential facts and a "prayer for relief sought." Rule 5, by its plain language, does not require detailed averments of the specific elements of a cause of action. This is particularly true when viewed in the light of Family Court Rule 12 which requires a liberal construction of the pleadings.

Here, in accord with Rule 5, appellant pled adultery on the part of the wife and offered proof of it. He asked the court, in his prayer for relief, to permanently bar her from alimony. We hold, therefore, the trial judge erred when he found the issue of adultery was not properly before him.

In an appeal from an order of the Family Court, this Court may find facts in accord with its own view of the preponderance of the evidence. *Clinkscales v. Clinkscales*, 275 S. C. 308, 270 S. E. (2d) 715 (1980). Our review of the evidence presented to the trial judge convinces us that appellant proved adultery on the part of respondent by a preponderance of the evidence. Appellant called five witnesses, each of whom testified that respondent spent the night with her paramour on numerous occasions. Respondent, though denying adultery, admitted having spent the night with her paramour on a regular basis.

Adultery must be proved by a clear preponderance of the evidence, but that evidence may be circumstantial in nature. *Odom v. Odom*, 248 S. C. 144, 149 S. E. (2d) 353 (1966). We find under these facts that appellant has met his burden. It is, therefore, ordered that the divorce decree be modified to reflect a factual finding of adultery by respondent and to provide that she be permanently barred from alimony in accordance with Section 20-3-120.

Finding no other error of fact or law, the remainder of appellant's appeal is affirmed under Rule 23 of the Rules of Practice and Procedure of this Court.