22047

Robert C. MILLER, Respondent, v. Jewel L. MILLER, Appellant.
(313 S. E. (2d) 288)

Supreme Court

*William I. Bouton,* Greenville, *for appellant.*

*Robert C. Miller, for respondent.*

Submitted November 21, 1983.

Decided February 22, 1984.

GREGORY, Justice:

Respondent Robert C. Miller brought this action for divorce on the ground of adultery. Appellant Jewel L. Miller counterclaimed seeking separate maintenance, enforcement of a separation agreement executed by the parties prior to the filing for divorce, and attorney's fees. The trial judge granted respondent a divorce on the ground of adultery, found he lacked jurisdiction to consider the matters raised in the separation agreement, and found appellant's adultery barred alimony and attorney's fees. We reverse and remand.

Appellant first argues the trial judge erred in failing to assert jurisdiction over the issues of child support, child custody, and property which were contained in the separation agreement executed by the parties.

Litigants are encouraged to reach an extra-judicial agreement on issues arising out of the marital relationship; however, even a plain, unambiguous agreement is subject to the duty of the Family Court to rule upon its fairness. *McKinney v. McKinney,* 274 S. C. 95, 261 S. E. (2d) 526 (1980). Moreover, the Family Court has continuing jurisdiction to do whatever is in the child's best interest regardless of what the separation agreement specifies. *Moseley v. Mosier,* S. C., 306 S. E. (2d) 624 (1983). The trial judge erred in finding the court without jurisdiction over the issues contained in the separation agreement.

Appellant next argues the trial judge erred in failing to grant temporary child support during the pendency of the action. S. C. Code Ann. § 20-3-160 (1976) provides,

"In any action for divorce from the bonds of matrimony the court may at any stage of the cause ... make such orders touching the care, custody and maintenance of the children of the marriage and what, if any, security shall be given for the same as from the circumstances of the parties and the nature of the case and the best spiritual as well as other interests of the children may be fit, equitable and just." We hold the trial judge erred in failing to consider appellant's request for child support during the pendency of the action.

Next, appellant argues the judge erred in failing to conduct a reconciliation hearing as required by S. C. Ann. § 20-3-90 (1976).

The reconciliation procedures of § 20-3-90 of the Code are mandatory. *Fennell v. Littlejohn*, 240 S. C. 189, 125 S. E. (2d) 408 (1962). Failure on the part of the trial judge to comply with § 20-3-90 of the Code is ground for reversal. *Brown v. Brown*, 243 S. C. 383, 134 S. E. (2d) 222 (1963). The record discloses no attempt by the judge to reconcile the parties; therefore, we reverse the decree granting respondent a divorce.

Appellant argues the trial judge erred in refusing to award her attorney's fees. The trial judge has the authority to order payment of alimony and suit money to either party in every divorce action. S. C. Code Ann. §§ 20-3-120, 20-3-130, 20-7-420(2) (1976 and Cum. Supp. 1983). In fixing an award of attorney's fees, factors to consider include (1) the nature, extent, and difficulty of the services rendered, (2) the time necessarily devoted to the case, (3) the professional standing of counsel, (4) the contingency of compensation, and (5) the beneficial result accomplished. *Collins v. Collins*, 239 S. C. 170, 122 S. E. (2d) 1 (1961). No testimony bearing on any of these factors was presented to the trial court or this Court.

The trial judge denied appellant's request for attorney's fees because of her adultery. While adultery is not necessarily a bar to an award of attorney's fees as it is to an award of alimony, *see McLean v. McLean*, 273 S. C. 571, 257 S. E. (2d) 751 (1979), appellant's bare assertion that she has no funds with which to pay adequate attorney's fees is insufficient to justify an award.

Finally, appellant argues the evidence presented was insufficient to establish adultery. We disagree.

"Adultery must be proved by a clear preponderance of the evidence, but that evidence may be circumstantial in nature." *Gainey v. Gainey*, 277 S. C. 519, 290 S. E. (2d) 242, 243 (1982). The evidence clearly supports the trial judge's finding that appellant committed adultery after she separated from respondent. This issue is therefore without merit.

Accordingly, we reverse the order of the trial judge granting respondent a divorce and remand for a new hearing, should the parties so desire, with instructions for the trial judge to consider all matters covered in the settlement agreement.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.