**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Kenneth M. Shufelt, Appellant,

v.

Janet R. Shufelt, Respondent.

Appellate Case No. 2015-002426

———————

Appeal From Lexington County
Peter R. Nuessle, Family Court Judge

———————

Unpublished Opinion No. 2018-UP-260
Submitted March 1, 2018 – Filed June 13, 2018

———————

**REVERSED AND REMANDED**

———————

John E. Cheatham, of Law Offices of John E. Cheatham, of Lexington, for Appellant.

Katherine Carruth Goode, of Winnsboro, for Respondent.

———————

**PER CURIAM:** In 2013, Kenneth Shufelt (Husband) filed for divorce from Janet Shufelt (Wife) after eight years of marriage. The family court granted Husband a divorce on the ground of one year continuous separation and divided the marital estate equally between the parties. The family court also awarded Wife $500 per month in permanent periodic alimony and attorney's fees. Husband appeals, arguing the family court erred by (1) failing to state in the Final Order and Decree of Divorce

(Decree) that reconciliation was attempted but unavailing; (2) failing to make findings of fact and conclusions of law as required by Rule 26(A), SCRFC; (3) including nonmarital property in and improperly dividing the marital estate; (4) awarding alimony without making sufficient findings of fact and conclusions of law; and (5) awarding attorney's fees to Wife.  We reverse and remand.

## I.

We review family court matters de novo and may find our own facts based on our view of the greater weight of the evidence.  *Stoney v. Stoney*, Op. No. 27758 (S.C. Sup. Ct. refiled Apr. 18, 2018) (Shearouse Adv. Sh. No. 16 at 11).  However, we recognize the family court was in a superior position to assess witness credibility, and appellant must still prove error.  *Id.*

## II.

Husband first argues the family court erred by finding all three of his retirement accounts were marital property.  We agree.

"[T]he family court is tasked with identifying, valuing, and apportioning the marital estate."  *Moore v. Moore*, 414 S.C. 490, 508, 779 S.E.2d 533, 542 (2015).  Marital property includes "all real and personal property which has been acquired by the parties during the marriage and which is owned as of the date of filing or commencement of marital litigation as provided in Section 20-3-620 regardless of how legal title is held . . . ."  S.C. Code Ann. § 20-3-630(A) (2014).  "Property acquired  prior to the marriage is generally nonmarital property and  not  subject  to equitable division."  *McMillan v. McMillan*, 417 S.C. 583, 591, 790 S.E.2d 216, 220 (Ct. App. 2016).   "A  party  claiming  an  equitable  interest  in  property upon divorce bears the burden of proving the property is marital."  *Wilburn v. Wilburn*, 403 S.C. 372, 382, 743 S.E.2d 734, 740 (2013).  "If the party presents evidence to show the property is marital, the burden shifts to the other spouse to present evidence to establish the property's nonmarital character."  *Id*.

Husband had retirement funds held by Franklin Templeton, as well as a 401K held by T. Rowe Price.  He testified without contradiction that the premarital value of one of the Franklin Templeton accounts was $61,000, and introduced without objection a December 31, 2005 account statement corroborating this approximate premarital balance.  We therefore reverse the order of the family court finding this portion marital property.  *See McMillan*, 417 S.C. at 591, 790 S.E.2d at 220.

As to the T. Rowe Price 401K, Husband testified—again without contradiction—that a portion of these funds was nonmartial. He could not, however, provide a precise amount. The sole evidence as to the history of the account was Husband's testimony he had owned the account for eighteen years, and for eight of those years the parties were married. The value of the account as of the February 2013 filing date was unclear, but Husband submitted a March 31, 2014 account summary reflecting a $270,915.38 balance, and testified to a $304,000.00 balance at the March 12, 2015 final hearing.

The family court valued the T. Rowe Price account at $260,161.15 as of the date of filing, which was the balance as of January 3, 2014 reflected on Wife's Exhibit 6, nearly a year after the filing date. The family court further noted that Husband testified he contributed $2,100 per month to the 401K, which the family court found rendered the entire account marital property.

Of course Husband contributed to his 401K account; it is, after all, a "defined contribution" retirement plan. But such contributions while married, to an account owned before and after the marriage, do not turn the entire account into marital property. Husband did not have to prove his retirement accounts were nonmarital property. The "party claiming an equitable interest in property upon divorce bears the burden of proving the property is marital." *Wilburn*, 403 S.C. at 382, 743 S.E.2d at 740. Wife had the burden of proving Husband's retirement accounts were marital property. The family court improperly shifted the burden of proving the accounts were nonmarital to Husband before Wife presented any evidence showing they were marital property. *See id.* ("If the party presents evidence to show the property is marital, the burden shifts to the other spouse to present evidence to establish the property's nonmarital character."). The evidence as to how long Husband had contributed the $2,100 monthly amount was so vague as to be inconsequential. Why the parties treated such consequential economic issues so casually is mystifying, and vexed the family court. Wife presented no credible evidence to contradict Husband's testimony regarding the nonmarital portions. She only offered evidence as to the balance of Husband's accounts, not to when the funds in any of them were acquired. The family court therefore erred in equitably dividing the entire T. Rowe Price 401K account.

This is the same class of error we deemed reversible in *Chanko v. Chanko*, when the family court included the husband's entire retirement account in the martial estate despite uncontradicted evidence he owned the account seven years before the marriage. 327 S.C. 636, 641–42, 490 S.E.2d 630, 633 (Ct. App. 1997).

As in *Chanko*, we recognize Husband's testimony about the T. Rowe Price 401K was "vague and that expert testimony or documentary evidence on the pre-marital value of the retirement plans would have been preferable . . . ." *Id.* at 643, 490 S.E.2d at 633; *see also McMillan*, 417 S.C. at 596–98, 790 S.E.2d at 223–24. Unlike *Chanko* and *McMillan*, however, here Husband did not testify as to even an approximate premarital value, so we must remand to the family court to complete this task.

Additionally, the family court failed to address all of the relevant factors set forth in section 20-3-620(B) of the South Carolina Code (2014) in dividing the marital estate. For example, the parties testified about their health and timelines for retirement, which are particularly relevant in this case as both parties are in their late sixties.

We reverse the equitable division and remand the case to the family court to identify, value, and divide the marital property consistent with this opinion and the relevant factors of section 20-3-620(B).

## III.

Considering our remand of the equitable division, we also remand the issue of alimony and direct the family court to consider all of the relevant statutory factors under section 20-3-130(C) of the South Carolina Code (2014), including the ages of the parties, the physical condition of each spouse, the reasonably anticipated earnings of the parties in light of their impending retirements, and the new equitable division. *See* § 20-3-130(C) ("In making an award of alimony or separate maintenance and support, the court must consider and give weight in such proportion as it finds appropriate to all of the following factors . . . ."); *see also Ellerbe v. Ellerbe*, 323 S.C. 283, 297, 473 S.E.2d 881, 889 (Ct. App. 1996) ("Because we have remanded the equitable distribution award together with the issue of the husband's income, which factors are relevant to an award of alimony, we also remand the issue of alimony for reconsideration.").

We also remand the issue of attorney's fees. *Crossland v. Crossland*, 408 S.C. 443, 460, 759 S.E.2d 419, 428 (2014) ("Where beneficial results in a divorce action are reversed on appeal, the case should be remanded for reconsideration of attorney's fees awarded."). On remand, the family court should consider the factors set forth in *E.D.M. v. T.A.M.*, 307 S.C. 471, 467–77, 415 S.E.2d 812, 816 (1992):

> In determining whether an attorney's fee should be awarded, the following factors should be considered: (1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; (4) effect of the attorney's fee on each party's standard of living.

## IV.

Finally, although the family court attempted to reconcile the parties to no avail (which neither disputes), it failed to certify its reconciliation attempt in the Decree as required by section 20-3-90 of the South Carolina Code (2014). Under *Miller v. Miller*, the family court's failure to certify its reconciliation attempt is ground for reversal, as compliance with the statute requires both an earnest reconciliation effort and certification of that effort in the decree. 280 S.C. 314, 316, 313 S.E.2d 288, 290 (1984); *Brown v. Brown*, 243 S.C. 383, 387, 134 S.E.2d 222, 224 (1963). Because this case is already being reversed and remanded for reconsideration of several other issues, we decline to reverse the Decree on this ground. Rather, on remand, we direct the family court to memorialize its previous unavailing reconciliation attempt in its new order.

**REVERSED AND REMANDED.**[1]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.